JONES *v.* McFARLAND.

(Division B.   March 29, 1937.)

[173 So. 296.   No. 32663.]

**O. M. Oates** and **G. N. Brown,** both of Bay Springs, for appellant.

Welch & Cooper, of Laurel, and J. A. McFarland, of Bay Springs, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Appellee, J. A. McFarland, substituted trustee in a trust deed in favor of Elizabeth Russell, instituted this suit in a justice of the peace court which rendered a judgment in favor of appellee from which an appeal was taken to the circuit court resulting in a jury verdict for appellee, hence this appeal by appellant. This is a replevin suit for one mule alleged to be of the value of $75.

It appears from the record that S. L. Jones, the appellant, executed a trust deed to Elizabeth Russell to secure a note due by him to her for, approximately, $600, conveying thereby real estate and personal property. In the early part of 1934, Elizabeth Russell needed the money due her under said deed of trust, and an arrangement was made with the Federal Land Bank for a loan to S. L. Jones amounting to $453.10. Elizabeth Russell signed an agreement to accept this amount in satisfaction of her debt and deed of trust, said agreement, among other things, reciting that: ''Whereas, the Federal Land Bank of New Orleans and or the Land Bank Commissioner, has loaned to debtor the moneys with which to pay said indebtedness upon the condition and agreement that said indebtedness would be reduced and scaled down,

and that the undersigned would accept from debtor a sum less than the amount due in full payment and satisfaction of said indebtedness. Now, therefore, the undersigned, for and in consideration of the above, and in further consideration of the sum of $453.10 in hand paid by debtor, receipt of which is acknowledged, does hereby accept said sum of $453.10 in full and final payment and satisfaction of said indebtedness and or any other indebtedness owed by debt or to the undersigned. Undersigned further agrees not to collect, attempt to collect, or revive in any way, any further part of said indebtedness, nor take any new security therefor. And undersigned states that she has no understanding or arrangement with debtor whereby, when the loan or loans hereinabove referred to are closed, any consideration will be given him by debt or for the amount which the debt has been scaled down, or any part thereof.''

According to S. L. Jones, appellant, the deed of trust in controversy in which the mule was conveyed was given to secure ''furnish'' for the year 1934, and that such ''furnish'' was never given to him by Elizabeth Russell.

For the plaintiff, appellee here, it was contended that the attorney for the Federal Land Bank had stated, when the loan was procured, that the bank did not care anything about the personal property and that it would be all right to release the land and take security on the personal property for the difference.

We are of the opinion that, accepting the contention of the appellee, as the court below did, as being the correct understanding on which the deed of trust was executed, nevertheless it is in violation of public policy and is void.

The Federal Land Bank had the right to scale down the debt and to obtain an agreement from Elizabeth Russell as a condition for making the loan to S. L. Jones, the appellant. The policy of the government, in making such loans, was to assist debtors unable to meet their

obligations. This policy is in furtherance of sound public policy to relieve the financial condition of the country, and a plan by which the deed of trust here involved was taken was a fraud both upon the debtor and upon the Federal Land Bank.

It has long been the law in this state that a party may validly accept less than the amount due in full satisfaction of a debt. Clayton v. Clark, 74 Miss. 499, 21 So. 565, 22 So. 189, 37 L. R. A. 771, 60 Am. St. Rep. 521; Darrill v. Dodds, 78 Miss. 912, 30 So. 4; Cooper et al. v. Yazoo & M. V. R. Co., 82 Miss. 634, 35 So. 162; Greener et al. v. Cain et al., 137 Miss. 33, 101 So. 859; May Bros. v. Doggett, 155 Miss. 849, 124 So. 476; Phillips v. St. Paul Fire & Marine Ins. Co., 156 Miss. 41, 125 So. 705, and Yazoo & M. V. R. Co. v. Sideboard, 161 Miss. 4, 133 So. 669. Contracts made in violations of public policy are void. Whittington v. Cottam Co., 158 Miss. 847, 130 So. 745, 76 A. L. R. 332. See also, other authorities cited in Mississippi Digest, title, Contracts, Key Nos. 136, 137.

From what we have said, it follows that the court below erred in permitting the plaintiff to recover, and the judgment, therefore, will be reversed and judgment entered here for the return of the property to the appellant, S. L. Jones, and the case will be remanded to the circuit court for the assessment of damages on account of the unlawful issuance of the replevin suit.

Reversed and remanded.