## No. 15,088.

### ANDERSON *v.* NELSON, ADMINISTRATOR.
(134 P. [2d] 1053)

Decided February 23, 1943. Rehearing denied March 15, 1943.

Mr. John Ira Green, Mr. George H. Blickhahn, for plaintiff in error.

Messrs. Moses & Moses, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

This matter is before us on an application for supersedeas to review a judgment entered against Peter Anderson, plaintiff in error, hereinafter referred to as Anderson, on two promissory notes which he gave to Nelson, as administrator of the estate of Louis Nilson, deceased, defendant in error, hereinafter referred to as Nelson, and praying that the judgment be set aside, and that he be allowed to recover $665.55 that he paid on said notes.

The circumstances which gave rise to the litigation are as follows: Anderson, a farmer in the San Luis Valley, was hard pressed for funds to carry on his farming operations, and concluded to refinance them. At the time, he was indebted to Nelson on two promissory notes, one for $3,000 and accumulated interest secured by deed of trust on his land, and an unsecured note for

$750, referred to as the $500 note because there had been a payment on it of $250.00.

To effect his program of refinancing, Anderson made application to the Federal Land Bank for a loan on his farm, filing the required creditor's statement at the same time. This statement was confirmed by the county court December 24, 1934. In the creditor's statement, Nelson agreed, inter alia, in words and figures as follows, to wit:

"To Merlin R. Manning          Date November 9, 1934
Secretary-Treasurer or Loan Correspondent
and to The Federal Land Bank of Wichita
and/or Land Bank Commissioner.

"The amount of indebtedness referred to above is $3,500 as unpaid principal and $1,825.54 unpaid interest up to the 4th day of February, 1935, upon which date or after which date said debt can be paid. Said indebtedness is evidenced by a two notes (Note, account, etc.) one due on the 4th day of February, 1933. The debt is (is or is not) secured by a deed of trust (real estate-chattel) which is recorded in book 134, page 398 of the records of Conejos County, State of Colorado. This note is for $3,000.00. The other one, for $500.00 is unsecured. Upon payment to the undersigned of $2,800.00 on or before the 4th day of February, 1935, or if paid thereafter, by including interest at the rate of 6 per centum per annum on $2,800.00 from said date to the date of payment, said sum will be accepted in full satisfaction of this claim. * * *

"The undersigned creditor further agrees, and, for the purpose of assisting the above named applicant in obtaining a loan from The Federal Land Bank and/or the Land Bank Commissioner, hereby represents to The Federal Land Bank and/or the Land Bank Commissioner that, directly or indirectly, no note, mortgage or other consideration or evidence of indebtedness has been or will be received from the debtor, incident to such acceptance or payment as hereinbefore provided, if

made, other than the consideration paid by The Federal Land Bank and/or the Land Bank Commissioner; that no present agreement between the creditor and the applicant, or any other person, for the giving of any such note, mortgage or other consideration or evidence of indebtedness, exists; that when said consideration is paid, all claims of this creditor against the above named debtor will have been satisfied in full; and that no person, firm or corporation, other than the undersigned, is the owner of any interest in said indebtedness.

"All papers evidencing this indebtedness, properly cancelled, and with proper release, will be delivered to The Federal Land Bank of Wichita, and/or the Land Bank Commissioner, on receipt of Order for Shipment of Bonds, Form FFMC-102B, together with remittance by check in payment of any necessary adjustment, according to the terms stated * * *."

In compliance with the terms of the above agreement, Nelson surrendered the $3,000 secured note, but retained the $500 note. The loan was approved by the Federal Land Bank in due course and the $2,800 was forwarded to the American National Bank in Alamosa "for full release of a deed of trust recorded in Book 134, page 398 of the records of Conejos county, Colorado, as per your statement of November 9, 1934." As appears from the statement, the $500 was included under the terms thereof, but the note for same was not surrendered.

Between July 2, 1935, and July 11, 1935, Anderson and Nelson met in the office of Nelson's attorney "in accordance with his [Anderson's] promise and agreement theretofore made," and Anderson gave Nelson a new note for $1,193.00, said sum representing the difference between the total indebtedness owed by Anderson to Nelson and the amount received from the Federal Land Bank. Payments were made on the $1,193 note as follows: July 24, 1935, $65.55; March 13, 1937, $500; leaving a balance due of $627.45. This note and the old $500 note were both cognovit notes and it was on these

two that a judgment by confession was taken in the county court on February 23, 1940.

February 21, 1941, Anderson filed a motion, supported by affidavit, to set aside the judgment. A counter affidavit was filed by Nelson's attorney. April 10, 1941, the county court vacated the judgment and permitted Anderson to file an answer and cross complaint in which he prayed for an avoidance of the judgment that had been taken against him and a return of the $665.55 he had paid.

July 17, 1941, after a hearing in the county court, the Judge reentered judgment for Nelson in the sum of $1,911.71, and it is upon this judgment that supersedeas is applied for.

The specification of points relied upon for reversal are as follows: 1. That retention by Nelson of the $500 note and his request for, and taking of, the second note are in clear violation of the scale-down agreement, therefore, both notes are void as against public policy. 2. That the signing of the scale-down agreement and acceptance of the $2,800 constituted an accord and satisfaction of the entire indebtedness. 3. That because of the above reasoning, the payment of $665.55 was without any consideration and he (Anderson) therefore is entitled to reimbursement to that extent.

■■■■ There is no doubt but what these contentions are sound, and that they are supported by the great weight of authority. Therefore, no good purpose would be served by particularizing on each point specified for reversal. 1. For confirmation of the first point urged, see *O'Neil v. Johnson,* 29 F. Supp. 307; *Jones v. McFarland,* 178 Miss. 282, 173 So. 296; *McCrory v. Smeltzer,* 132 Tex. 383, 124 S.W. (2d) 336; *Briley v. Oldham,* 132 Tex. 550, 124 S.W. (2d) 854; *Wheeler v. Willis* (Tex. Civ. App.), 138 S.W. (2d) 142; *Meek v. Wilson,* 283 Mich. 679, 278 N.W. 731; *International Harvester Co. v. Young,* 288 Mich. 436, 285 N.W. 12; *Geel v. Valiquett,* 292 Mich. 1, 289 N.W. 306; *Kniefel v. Keller,* 207 Minn.

109, 290 N.W. 218. 2. That the acceptance of the terms of a scale-down agreement constitutes an accord and satisfaction is pointed out in some of the above authorities, and is held to be such — or in full settlement — in *Jessewich v. Abbene,* 154 Misc. 768, 277 N.Y.S. 599; *Kinard v. Bank of Lenox,* 57 Ga. App. 819, 196 S.E. 920; *Federal Land Bank of Columbia v. Blackshear Bank,* 182 Ga. 657, 186 S.E. 724; *McAllister v. Drapeau,* 14 Cal. (2d) 102, 92 P. (2d) 911. 3. That recovery of the sum paid is proper is held in *McAllister v. ·Drapeau, supra; Oregon & Western Colonization Co. v. Johnson,* 164 Ore. 517, 102 P. (2d) 928; *McCrory v. Smeltzer, supra; Council v. Cohen,* 303 Mass. 348, 21 N.E. (2d) 967. In the instant case we have no hesitancy in saying that the facts relating to Anderson's advanced age, his ignorance of his rights and absence of counsel at the time the notes sued upon were retained and taken, respectively, show that he was not in pari delicto with opposing parties.

Our conclusion is that the trial court was clearly wrong in entering judgments on the two notes, and that the judgments should be reversed and the cause remanded with instructions to vacate them and enter judgment in favor of Anderson on his cross complaint for the $665.55 already paid. It is so ordered.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE BURKE and MR. JUSTICE JACKSON concur.