SEALY et ux. v. REPUBLIC LIFE INS. CO.

No. 31784. Sept. 17, 1946.

172 P. 2d 620.

Carmon C. Harris and Frank Wilton Jones, both of Oklahoma City, for plaintiffs in error.

George F. Short, Welcome D. Pierson, and Max G. Morgan, all of Oklahoma City, for defendant in error.

HURST, V.C.J. This is an action by the plaintiffs, A. H. and Laura A. Sealy, husband and wife, against Republic Life Insurance Company to cancel a second mortgage for the principal sum of $600 against their home and to recover the sum of $328.05 which they have paid

thereon. The defendant filed a cross-petition seeking a money judgment for the balance due on the indebtedness and foreclosure of its mortgage. From a judgment for the defendant, the plaintiffs have appealed.

On and prior to July 1, 1934, the defendant held a first mortgage against plaintiff's home on which there was due and delinquent approximately $4,029. The plaintiffs had, prior to said date, applied to the Home Owners' Loan Corporation, herein referred to as H.O.L.C., for a loan to refinance said loan. The property was appraised by the H.O.L.C. at $4,728, and the H.O.L.C. was willing to loan $3,782 to take up said mortgage, but out of said sum the H.O.L.C. insisted that accruing special assessments, the estimated cost of needed repairs, taxes and loan expense must be deducted, leaving $3,429 to be paid to the defendant. While the application was pending, and apparantly after the defendant learned how much it would receive out of the H.O.L.C. loan, the defendant, on July 1, 1934, took from the plaintiffs the second mortgage here involved, reciting that it was subject to a first mortgage in favor of the H.O.L.C. On July 7, 1934, the H.O.L.C. advised the plaintiffs and defendant that the indebtedness exceeded the amount it would loan by the sum of $590.37, and suggested that plaintiffs should get in touch with the defendant and see if this difference could not be worked out between them. On July 17, 1934, the defendant submitted to the H.O.L.C. a consent to take bonds, stating that the unpaid balance of principal and interest due on its first mortgage was $3,429 and agreeing to accept in full settlement of its claim bonds of H.O.L.C. of the face value of $3,429 and to release its claim against said property. On September 20, 1934, the defendant signed a receipt for bonds and cash adjustment in the sum of $3,430.02, in full payment and satisfaction of its mortgage indebtedness. On October 8, 1934, the defendant filed for record its second mortgage.

The plaintiff, A. H. Sealy, testified that the representative of defendant who handled the matter advised him on the day that the second mortgage was executed that the defendant would not go through with the H.O.L.C. deal unless he signed a second mortgage for $600, and that the balance due was in fact only $590. The president of the defendant company testified that he advised Mr. John Mahr, state manager of H.O.L.C., of his intention to demand a second mortgage for $600, despite the fact that the H.O.L.C. figures showed the deficiency to be only $590.37, and that Mahr gave oral authority to take the second mortgage for $600 because it did not exceed the appraised value. The record contains no itemized statement showing the exact amount that was due the defendant on its first mortgage.

The rules and regulations of the H.O.L.C. provided that no loan would be made by it to retire an existing mortgage, (1) where the indebtedness of the home owner, including second mortgage or other consideration, increased the indebtedness of the home owner, or (2) where the second mortgage would exceed the difference between its first mortgage and its appraisal of the property, or (3) where the home owner would not have a reasonable probability of being able to pay the second mortgage and at the same time meet his obligation to the H.O.L.C. The rules and regulations also provided that no second mortgage should be taken to secure the balance due on the indebtedness being refinanced, over and above its first mortgage, unless the matter of the second mortgage was submitted to the H.O.L.C. and scanned carefully and approved by it. However, the record discloses that the state managers of the H.O.L.C. were authorized to approve second mortgages and to close loans.

The records of the H.O.L.C. did not contain any correspondence with reference to a second mortgage or show that it had sanctioned the taking of a second mortgage by the defendant, but, as above stated, the president of defendant testified that he orally advised the state manager of the H.O.L.C. of his

intention to take a second mortgage for the balance due and that the state manager orally approved the same. The state manager testified that he remembered a conversation about the matter but he did not recall approving or disapproving the taking of a second mortgage.

The record discloses that Mr. Sealy had suffered a back and hand injury some time before the loan was refinanced, and that he was without employment, and that Mrs. Sealy was working and earning but $15 per week, which was all the support they had. The record does not disclose that the president of the defendant company advised the state manager of the H.O.L.C. of the physical and financial condition of the mortgagors.

The H.O.L.C. was organized to assist distressed home owners, and the rules and regulations above mentioned were made with that end in view, and also with the view of protecting the H.O.L.C. in the collection of its first mortgages. Second mortgages made in violation of these rules and regulations are against public policy and void. See Local Federal Savings & Loan Ass'n v. Harris, 188 Okla. 214, 107 P. 2d 1012; Local Federal Savings & Loan Ass'n v. Sheets, 191 Okla. 439, 130 P. 2d 825; 125 A.L.R. 809, annotation; American Digest, Contracts, §123 (1).

The acceptance of bonds by the mortgagee, in violation of the rules and regulations of the H.O.L.C., constitutes an accord and satisfaction, and if the second mortgage is taken in violation of its rules and regulations, payments on the second mortgage may be recovered by the mortgagor. Local Federal Savings & Loan Ass'n v. Sheets, above; Anderson v. Nelson, 110 Colo. 374, 134 P. 2d 1053.

The first installment on the second mortgage was due on January 1, 1935. One of the rules of H.O.L.C. was that the second mortgage, when allowed, should not require any principal payments prior to June 13, 1936, when the home owner's income is so reduced that he is unable to meet full amortization payments from the beginning to the H.O.L.C. The record is silent on this question.

It is apparent that for the H.O.L.C. to approve a second mortgage it was necessary that it be advised as to the details of the transaction and of the ability of the borrower to meet the payments on the second mortgage without making it impossible or extremely difficult for him to meet the payments due the H.O.L.C.

The defendant did not offer evidence disputing the plaintiffs' evidence that the second mortgage was for more than the deficiency, nor did it establish that it made full disclosure to the manager of the H.O.L.C. as to the financial ability of the plaintiffs to meet the payments on both mortgages and commence paying the second mortgage prior to June 13, 1936.

Reversed for a new trial.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur.