Mrs. Dora NEWCOMB, Plaintiff in Error,

v.

H. D. AMOS and Moselle Amos, Defendants in Error.

No. 36186.

Supreme Court of Oklahoma.

Feb. 15, 1955.

472

Carmon C. Harris, Oklahoma City, for plaintiff in error.

Ames, Daugherty, Bynum & Black, Oklahoma City, for defendants in error.

JOHNSON, Chief Justice.

Parties will be referred to as they appeared in the trial court.

Plaintiff brought suit against defendants to enforce payment of an unsecured promissory note allegedly obtained by plaintiff from defendants in violation of the provisions of the Home Owners' Loan Corporation Act, 12 U.S.C.A. § 1461 et seq., and regulations passed pursuant thereto. Upon trial, judgment was rendered for defendants. From the trial court's order overruling motion for a new trial, plaintiff appeals, claiming that the entire transaction was known to H.O.L.C. and free from collusion and urges that the giving of any pledge or security over and beyond such amount as may be paid by the Home Owners' Loan Corporation is not, in the absence of collusion, when made with the knowledge of H.O.L.C. in contravention of public policy or violative of the Act of Congress establishing said corporation, 12 U.S. C.A. § 1461 et seq.

The facts germane to the issues are that defendants bought a home from plaintiff's husband, in which transaction the defendants assumed payment of an existing first mortgage on the home and gave the husband of plaintiff a second mortgage for $1,200. Thereafter defendants experienced financial difficulties and became delinquent on payments on both mortgages and made application to H.O.L.C. for refinancing the loans against their home. The amount due on the first mortgage was approximately $2,400 and on the second $1,035. H.O.L.C. appraised their property at $3,000, processed the application and allowed a loan for 80% of the appraised value or $2,400, the maximum allowed un-

der the H.O.L.C. Act. Thereafter the plaintiff's husband assigned the second mortgage to her. Defendants and H.O.L.C. concluded the refinancing of their home and gave their note and first mortgage to H.O.L.C. for $2,400. The two old mortgages (first and second) were released as a part of the H.O. L.C. transaction. Defendants gave plaintiff a new note secured by a new second mortgage on their home for $612.50, (which has been paid) and an unsecured note for $422.50 (the subject matter of this action) representing the balance of plaintiff's old second mortgage, which was released so that H.O.L.C. would approve the loan. The note thus sued upon was undisputedly in excess of H.O.L.C.'s total appraised value of the home, and over and beyond the amount paid by H.O.L.C.

Defendants alleged and their evidence, though in conflict with plaintiff's evidence on these issues, showed that plaintiff required defendants to execute the above-mentioned notes and new second mortgage before releasing the old second mortgage, which transaction was not revealed to the H.O.L.C. and the effect of the court's finding was that plaintiff had entered into a collusive agreement with defendants to obtain more than was assented to by H.O.L.C.; that the unsecured note was a part of the H.O.L.C. transaction which was made in excess of the appraised valuation and without the knowledge of the H.O.L.C.; that by reason thereof the obligation was made in violation of the intent and purposes of the H.O.L.C. Act, supra, and the rules and regulations of the H.O.L.C. and is void and unenforcible as being against public policy.

These findings and the trial court's judgment based thereon, jury being waived, are reasonably supported by the evidence and not contrary to law as disclosed by the record and we so hold. See Sealy v. Republic Life Insurance Co., 197 Okl. 456, 172 P.2d 620, and cited cases for reasons for so holding, notwithstanding plaintiff's contentions to the contrary.

See also First Citizens Bank & Trust Co. v. Speaker, 159 Misc. 427, 287 N.Y.S. 831, involving an H.O.L.C. loan, where under

circumstances similar to the case at bar, the plaintiff had released its second and third mortgages, took back a second mortgage for the authorized difference and then took an unsecured note without the knowledge of the H.O.L.C. for the remaining part of its original two (second and third) mortgages, and therein the court said that to give validity to the note sued upon would be to sanction a violation of the spirit of the statute and contravene public policy.

Affirmed.

CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

ARNOLD, J., concurs in result.

WILLIAMS, V. C. J., dissents.