567 So.2d 832 (1990)
HERTZ COMMERCIAL LEASING DIVISION
v.
Valford MORRISON, d/b/a, Midway Inn Grocery.
No. 89-CA-0137.
Supreme Court of Mississippi.
August 22, 1990.
Dudley H. Carter, Carter & Davidson, Columbus, for appellant.
Jeffrey C. Smith, Sims & Sims, Columbus, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the court.

I.
Today's appeal presents a nice question of pleadings. At issue is whether the defendant, a lessee under an equipment leasing agreement, must affirmatively plead that the acceleration clause is a penalty  and thus substantially unenforceable  to employ that theory and judicially avoid obligations otherwise provided under the literal language of the lease. We find Rule 8(c), Miss.R.Civ.P., declares that he must. Because the lessee/defendant failed to plead this affirmative defense, the trial court's decision crediting same must be reversed.

*833 II.
Valford Morrison is an adult resident citizen of Lowndes County, Mississippi. He does business as a proprietorship under the trade name of Midway Inn Grocery. Morrison's place of business is on Highway 12 in the Caledonia area, midway between Columbus, Mississippi, and Vernon, Alabama. Morrison was the Defendant below and is the Appellee here.
The Hertz Corporation is a foreign corporation authorized to do and doing business in the State of Mississippi. Hertz operates a Commercial Leasing Division which maintains its principal headquarters in Parsippany, New Jersey. Hertz's Commercial Leasing Division is in the business of financing leases of business and commercial equipment. Hertz was the Plaintiff below and is the Appellant here.
Stanco Communications Products, Inc. is a foreign corporation having its principal place of business in Atlanta, Georgia. Stanco is in the business of marketing security equipment and facilities for use in retail sales businesses. At all times relevant hereto Stanco was represented by its salesman, Lloyd Sharpe. Stanco is not a party to this action.
In August of 1984, Stanco, acting through salesman Sharpe, approached Morrison about the latter's need for video monitoring security equipment in his grocery store. Salesman Sharpe negotiated a lease with Morrison for two active cameras, two inactive cameras, a 19 inch television monitor, a manual switcher, a VCR box and a 9 inch television set. The lease was made on a form Hertz had provided to Stanco and Morrison signed it on August 17, 1984. Salesman Sharpe witnessed Morrison's signature. Apparently Stanco sold Hertz its interest in the equipment for some $4,380.00, and then forwarded the agreement to Hertz, which signed it on September 1, 1984.
The lease agreement provided that Hertz owned the equipment and leased it to Morrison for a term of five years. Morrison gave Hertz a security deposit of $118.88 and agreed to pay Hertz $125.42 per month beginning September 1, 1984. Shortly thereafter Morrison became dissatisfied with the equipment and says it has been inoperable ever since. On March 5, 1985, Hertz declared Morrison in default and advised him that it was terminating the lease. To the point, Hertz cited an acceleration clause in the lease agreement which provided that, upon Morrison's default, Hertz held the option to aggregate all unpaid lease payments for the entire five year term and to declare same immediately due and payable. Hertz also held the right to retake the equipment.
Push came to shove and on December 13, 1985, Hertz commenced the present action by filing its complaint in the Circuit Court of Lowndes County, Mississippi, naming Morrison as defendant. Hertz sued on the lease agreement and demanded accelerated, aggregated rentals in the sum of $6,968.76 together with costs and reasonable attorneys' fees. See Miss. Code Ann. § 11-53-81 (1972).
After several false starts of no import, Morrison answered the complaint and asserted three defenses. First, Morrison admitted the agreement, the security deposit and one monthly payment, and then simply denied that he owed Hertz any more money. Morrison does not dispute the mathematics of Hertz's demand. Second, Morrison's pleading asserted affirmatively Hertz had failed in its duty to mitigate its damages by failing to retake possession of the security equipment after Morrison requested that Hertz do so in December, 1984. Third, Morrison charged that the agreement was in essence a sale and that Hertz had impliedly warranted the fitness of the equipment and had thereafter breached its warranty, thus relieving Morrison of the duty to pay.
Of importance, Morrison made no charge that the acceleration clause of the lease agreement constituted a penalty nor did he assert any other reason in fact or in law why that clause might be unenforceable or why he should be relieved of (any part of) the obligations its written language imposed upon him.
On January 2, 1987, the Circuit Court transferred the case to the County Court of *834 Lowndes County for hearing and disposition.
In due course, Hertz moved for summary judgment. On April 10, 1987, Morrison filed a written response to the motion, including citations of authority. As before, Morrison asserted no factual or legal theory upon which the acceleration clause may be held illegal or unenforceable, other than the breach of warranty and mitigation defenses set forth in its answer.
In time, the Court granted Hertz partial summary judgment, holding the agreement enforceable as a lease rather than as a contract for sale, citing Briscoe's Foodland, Inc. v. Capitol Associates, Inc., 502 So.2d 619 (Miss. 1986). The Court then set the case for trial on the limited question of Morrison's defense that Hertz had failed in its duty of mitigating its damages. On July 14, 1988, the Court filed an opinion, construing the acceleration clause to provide for a penalty (as distinguished from "liquidated damages") by reason of which Hertz could recover only that amount reasonably necessary to make it whole. The Court found that
Hertz has proven a direct loss sustained by it in the amount of $668.12, being the monthly payments of $125.42 due Hertz by the defendant from September 1, 1984, through March 1, 1985, less one payment of $90.94 and a security deposit of $118.88.
The Court adjudged Hertz entitled to recover of Morrison $668.12, plus attorney fees of $222.71. plus costs, but denied Hertz any further relief. On appeal, the Circuit Court affirmed.
Hertz now appeals to this Court.

III.
Insofar as the record reflects, the legal concept of a contract penalty has its first mention in the County Court's dispositive opinion of July 14, 1988. Hertz charges on this appeal that the Court had no authority to consider the theory for the reason that, according to Hertz, penalty is in the nature of the affirmative defense of "illegality" which Rule 8(c), Miss.R.Civ.P., required that Morrison plead on pain of waiver. Morrison made no such affirmative pleading, nor has he tendered an amendment, which he may have done even after judgment. See Rule 15(b), Miss.R.Civ.P.; Queen v. Queen, 551 So.2d 197, 200-201 (Miss. 1989).
Rule 8(c) provides, in pertinent part,
Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively ... duress, estoppel, failure of consideration, fraud, illegality, ..., statute of frauds, ..., and any other matter constituting an avoidance or affirmative defense.
If a matter is an affirmative defense, the defendant bears the burden of production and the risk of non-persuasion. McDaniel v. Ritter, 556 So.2d 303, 314 (Miss. 1989); Smith v. Sanders, 485 So.2d 1051, 1053 (Miss. 1986). Rule 8(c) saddles him with the burden of pleading as well, as a defense within that rule is waived if not timely and adequately pleaded. Bailey v. Georgia Cotton Goods Co., 543 So.2d 180, 182-83 (Miss. 1989); Wholey v. Cal-Maine Foods, Inc., 530 So.2d 136, 138-39 (Miss. 1988). The reason for the rule is familiar and goes to the point of fairness. If one such as Morrison is going to defend on the theory of penalty, he should be required to tell his plaintiff so that his plaintiff would have fair opportunity to study the matter and try persuading the trial court the defense ought not prevail. These truisms set our context but beg the question, whether the legal theory the lower court labeled penalty and thereupon declared Hertz's lease substantially legally unenforceable is one within the imperatives of Rule 8(c).
Our positive law declares some subjects off limits to parties who would contract. First National Bank of Vicksburg v. Caruthers, 443 So.2d 861, 864 n. 3 (Miss. 1983) (contracts contrary to public policy); Walker v. Williams, 214 Miss. 34, 42, 58 So.2d 79, 81 (1952) (contract to surrender custody of child); Jones v. McFarland, 178 Miss. 282, 286, 173 So. 296, 297 (1937) (contracts contrary to public policy); Spinks v. Davis, 32 Miss. 152 (1856) (same); Odineal v. Barry, 24 Miss. 9 (1852) (same). Gambling *835 contracts are similarly sans sanction. Such contracts are void ab initio and, if sued on, may be said subject to the affirmative defense of illegality within Rule 8(c).
Other functionally analogous defenses may be found within our law. Consider failure of consideration and the statute of frauds. If one party sues another on a contract, and if the defendant wishes to offer failure of consideration in defense, Rule 8(c) makes him assert the matter affirmatively in his answer or stay silent. If he wishes to charge that the statute of frauds renders the contract unenforceable in law, he must so plead affirmatively.
As defenses to a contract action, failure of consideration, illegality and statute of frauds are similar. Each assumes the contract on its face entitles plaintiff to prevail but then reaches into the bag of rules prescribing forms and limiting the power of persons to contract and pulls one out, saying, "See, this contract may not be enforced." Each finds a rule of law external to the contract and brings it to bear to bar the plaintiff's action. As such, failure of consideration, illegality and statute of frauds each "constitute[s] an avoidance or an affirmative defense." The words "any other" preceding the general "matter constituting an avoidance or an affirmative defense" declare the specifica "failure of consideration, ..., illegality, ..., [or] statute of frauds" defenses of like genre with the genera.
The penalty theory the trial court employed is of like genre. It reaches beyond the contract's literal language into the positive law and employs a principle there found to avoid Hertz's enjoyment of substantial benefits embedded in the contract's language. This is what is meant by a "matter constituting an avoidance or affirmative defense" within Rule 8(c).
The rule refers to the nature of a defendant's pleading: A matter is an "avoidance or affirmative defense" only if it assumes the plaintiff proves everything he alleges and asserts, even so, the defendant wins. Conversely, if, in order to succeed in the litigation, the defendant depends upon the plaintiff failing to prove all or part of his claim, the matter is not an avoidance or an affirmative defense. A defendant does not plead affirmatively when he merely denies what the plaintiff has alleged.
For example, discharge in bankruptcy is an affirmative defense within the meaning of Rule 8(c). Bell v. First Columbus National Bank, 493 So.2d 964, 968 (Miss. 1986). Bankruptcy discharge is specifically enumerated in the rule, and the reason this is so is that it is a matter which says, even though plaintiff proves everything he alleges, if defendant proves discharge in bankruptcy, defendant wins. An example of a non-enumerated affirmative defense is noted in Bailey v. Georgia Cotton Goods Co., 543 So.2d 180, 182-83 (Miss. 1989). It there appeared that the plaintiff was a foreign corporation which had not qualified to do business in Mississippi and was thus ineligible to sue in our courts. We held this a "matter constituting an avoidance or affirmative defense," but, because defendant had failed timely to assert the point affirmatively, we held the defense waived.
The trial court gutted Hertz's claim on a theory of penalty, and the only cases we find that have considered the point hold that penalty is an affirmative defense which will be deemed waived unless specifically pleaded. Robinson v. Granite Equipment Leasing Corp., 553 S.W.2d 633, 637 (Tex.Civ.App. 1977); Walter E. Heller & Co. v. B.C. & M., Inc., 543 S.W.2d 696, 697 (Tex.Civ.App. 1976). Oregon has adopted what it calls the "modern view" that penalty is an affirmative defense and
the defendant should have the burden to both plead and prove that such a contract provision [an acceleration clause] is invalid... .
Dean Vincent, Inc. v. McDonough, 281 Or. 239, 249, 574 P.2d 1096, 1101 (1978).
Here Hertz has pleaded its lease and particularly the acceleration clause thereof. Morrison pleaded two affirmative defenses: mitigation of damages and breach of warranty, neither of which began to encompass the penalty theory upon which the lower *836 Court decided the case.[1] Morrison's first defense is simply a denial that Hertz is entitled to any relief on the contract. If Morrison had prevailed in this denial, it would have been because Hertz had failed to prove its contract. The first mention of the penalty defense in the present record is the trial court's July 14, 1988, opinion. See Witt v. Mitchell, 437 So.2d 63, 66 (Miss. 1983). Morrison does not suggest the issue may have been tried by implied consent, see Rule 15(b), Miss.R.Civ.P.; see Johnson v. Franklin, 481 So.2d 812, 815 n. 4 (Miss. 1985), nor has he offered any post-trial amendment to his answer.[2]
In the end, we find the acceleration clause as written entitling Hertz to the full $6,968.76 sued for, provided only that the clause be enforceable. The Court below held it unenforceable in substantial part because it is a penalty clause, relying on Shields v. Early, 132 Miss. 282, 95 So. 839 (1923).[3]
We need not consider whether the defense of penalty is "illegality" per se, though it certainly says to plaintiff that there is a legal rule declaring your contract substantially unenforceable. The defense of penalty is in the nature of an affirmative defense or avoidance within Rule 8(c). It is the sort of defense which says to the plaintiff, "Assuming everything you have alleged and proved is true, I have a defense which substantially avoids your claim. *837 That defense is that your acceleration clause is in the nature of a penalty and under Mississippi law you may not enforce it beyond your actual losses." Because penalty was not and has never been pleaded, the judgment below must be reversed and the case remanded for a new trial on all issues. See Witt v. Mitchell, 437 So.2d at 66-67.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., and PRATHER, ANDERSON and PITTMAN, JJ., concur.
HAWKINS and DAN M. LEE, P.JJ., and SULLIVAN and BLASS, JJ., dissent by separate opinion.
HAWKINS, Presiding Justice, dissenting:
I respectfully dissent.
This case is not about the statute of frauds, or any statute of limitations, or failure of consideration, with which the majority seeks to make a coupling analogy. This case is about a contract which could be void because it is against public policy. Shields v. Early, 132 Miss. 282, 287, 95 So. 839, 841 (1923).
Rule 8(c) M.R.C.P. may very well keep a party from offering evidence of a matter which should have been pled as an affirmative defense in his pleading. Fishing Fleet, Inc. v. Trident Ins. Co., Ltd, 598 F.2d 925 (5th Cir.1979); Jakobsen v. Massachusetts Port Authority, 520 F.2d 810 (1st Cir.1975). But surely, Rule 8(c) does not obligate a court to enforce a contract which the unfettered proof at trial shows is against public policy and therefore void simply because a party has failed to affirmatively plead it. To announce as the law of this State that a court must enforce a contract void as against public policy if it was not pleaded as an affirmative defense creates a judicial obligation which I would think this Court should be reluctant to affix its name.
Of this we may be certain: the interpretation the Federal courts have placed on Rule 8(c) for over 40 years is at odds with the majority's interpretation of our identical words. Failure to plead matter which unquestionably constitutes an affirmative defense does not preclude a party from taking advantage of opposing party's proof, if such proof establishes defense. Lomartira v. American Auto Ins. Co., 245 F. Supp. 124, aff'd 371 F.2d 550 (2nd Cir.1965). Even though not specifically pleaded, when an issue is received and considered by the trial court, the issue is before the court of appeals. Vernon Lumber Corp. v. Harcen Const. Co., 155 F.2d 348 (2d Cir.1946). If the opposing side offers evidence of the defense, then a failure to plead does not constitute a waiver. Jones v. Miles, 656 F.2d 103 (5th Cir.1981). Depositor's Trust Co. v. Slobusky, 692 F.2d 205 (1st Cir.1982) (the trial court has the discretion to consider an affirmative defense which was not specifically pleaded).
Failure to plead matter which constitutes an affirmative defense does not, however, preclude a party from taking advantage of the opposing party's proof, if such proof establishes the defense. Thus although illegality is normally an affirmative defense, if the illegality appears on the face of the contract, or from the opening statement of plaintiff's counsel, or from plaintiff's proof, the defendant may take advantage of it by proper motion, and if necessary the court will raise the objection itself. [Footnotes omitted]
2A Moore's Federal Practice ¶ 8.29[3] at 8-89 (2nd ed. 1989).
The county court judge in this case in an opinion which one must admire for its unusually extensive research and sound reasoning reached the correct result, in my view, and should be affirmed.
DAN M. LEE, P.J., and SULLIVAN and BLASS, JJ., join this opinion.
NOTES
[1] Our rules place answers with the same regime of quasi-notice pleadings as complaints, and we construe them by the same rules.
[2] Two points adequately distinguish this case from Queen v. Queen, 551 So.2d 197 (Miss. 1989). In Queen the plaintiff, the party whose pleading was under attack, presented a post-judgment amendment which once allowed related back to the commencement of the action, Rule 15(c), Miss.R.Civ.P., while here Morrison has tendered no such amendment. Second, today's appellant has tendered us a trial record adequate that we may know the penalty issue was not tried by expressed or implied consent, see Rule 15(b), Miss.R.Civ.P., while in Queen the obverse appeared.
[3] Hertz does not appeal this portion of the lower Court's ruling. See Rule 28(a)(3), Miss.Sup. Ct.Rules. Nothing said here should be taken to ratify the view the trial court has taken. We set it forth in substance because a full understanding of this ruling is necessary to the understanding of today's issue. The trial court said:

In Shields v. Early, supra, 95 So. at 841, the Mississippi Supreme Court in addressing the issue of when a contract provision calling for payment of a specific sum upon its breach is to be considered a penalty stated:
The courts lean in favor of an interpretation that such a stipulation is a penalty. The essence of a penalty is a payment of money stipulated as in terrorem of the party breaching the contract; while the essence of liquidated damages "is a genuine covenanted pre-estimate of damages". Whether a sum stipulated is a penalty or liquidated damages is a question of construction "to be decided upon the terms and inherent circumstances of each particular contract, judged at the time of the making of the contract, not as at the time of the breach." Various tests are used to assist in the construction of the contract. The stipulation will be held to be a penalty if the sum agreed on is extravagant and unconscionable in amount in comparison with the greatest loss that could reasonably follow the breach ... (citations omitted).
* * * * * *
Upon the basis of the overwhelming evidence in the instant action, as gathered not only from the words used in the lease, but also from the circumstances surrounding the execution of the lease, including the intentions and understandings of the parties, the Court concludes that the "accelerated rental" provision is a penalty, not liquidated damage.
Having concluded that the "accelerated rental" provision is a penalty, Hertz's recovery is limited to its actual damages. 5 Corbin on Contracts, Section 1062, p. 361 (1964) states:
If for any reason the court holds that the sum fixed in the contract is a penalty and not liquidated damages, the plaintiff can recover nothing as damages for the defendant's breach unless he proves actual injury and its amount. In such case, the rules as to certainty of proof and as to the existence of injury and its amount are applicable.
* * * * * *
Applying these well-recognized principals to the case at bar, the weight of the evidence indicates, and the Court so finds, that Hertz terminated the lease on March 5, 1985, due to defendant's default in making his monthly payments. Therefore, plaintiff Hertz has proven a direct loss sustained by it in the amount of $4668.12, being the monthly payments of $125.42 due Hertz by the defendant from September 1, 1984, through March 1, 1985, less one payment of $90.94 and a security deposit of $118.88.
We repeat: because the point has not been tendered, we intimate no opinion on the correctness of the trial court's interpretation and application of the penalty defense.