UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60523

_____

In The Matter Of:   FREDERICK D. KNIGHT; POSIE C. KNIGHT,

Debtors,

_____

BANK OF MISSISSIPPI,

Appellant,

versus

FREDERICK D. KNIGHT; POSIE C. KNIGHT; MALACO INCORPORATED; COUCH & MADISON,

Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi

_____

April 13, 2000

Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

EDITH H. JONES, Circuit Judge:

The Bank of Mississippi appeals a judgment of the bankruptcy court, affirmed by the district court, which invalidated the judgment lien that the Bank sought to enforce against the debtor and two garnishees. The lower courts held that as the Bank's original 1988 judgment against the debtor, Frederick D. Knight, was void for insufficient service of process, the Bank's

1995 judgment on a suit to renew the 1988 judgment must also be void. We disagree with the bankruptcy and district courts' interpretation of Mississippi law and accordingly reverse and remand.

The background facts are undisputed. In 1988, the Bank filed suit against Knight in a Mississippi county court to recover amounts he owed on a promissory note. At that time, Knight lived in Alabama. The Bank served process on Mr. Knight by mail pursuant to Mississippi Rule of Civil Procedure 4(c)(5), which requires "restricted delivery" service.

The Bank mailed the summons and complaint to Knight's address in Birmingham by certified mail, return receipt requested. Marked for "restricted delivery", the notice was delivered to Knight's home but Mrs. Knight received the mail and signed the return receipt card. Knight did not answer the complaint, and the Bank took a default judgment on July 6, 1988.

In 1995, the Bank filed suit against Knight to renew the 1988 judgment within the period prescribed by state law. Miss. Code Ann. § 89-5-19. Since Knight did not answer the second suit to renew the 1988 judgment, although he was properly served, the Bank took another default judgment against him on August 22, 1995.

Mr. and Mrs. Knight filed for bankruptcy on January 13, 1997. The Bank attempted to enforce its 1995 judgment lien, filing an adversary proceeding for a declaration that its 1995 judgment

2

was valid and enforceable against Knight and two parties the Bank had unsuccessfully attempted to garnish. From adverse judgments, the Bank has appealed.

## DISCUSSION

The Bank does not contest the invalidity of the 1988 judgment in this court. Instead, the Bank asserts that the 1995 judgment was valid and enforceable under Mississippi law notwithstanding that the 1988 judgment may have been void for insufficient service of process. We review the lower courts' resolution of this question of law under a *de novo* standard. Matter of Midland Industrial S'vces., 35 F.3d 164 (5th Cir. 1994).

Knight persuaded the bankruptcy and district courts that the 1995 judgment must have no effect because it is based on the void 1988 judgment, and a void judgment is a nullity which "can furnish no basis for any subsequent action." Southern Trucking Service, Inc. v. Miss. Sand and Gravel, Inc., 483 So.2d 321, ____ (Miss. 1986). As an Erie-bound court, we cannot argue with Mississippi's law concerning the impact in its courts of void judgments. But this does not mean that we must accept Knight's reading of Mississippi law. The statement in Southern Trucking, elaborated by an earlier Mississippi Supreme Court case,[1] is the

---

[1] In Bryant v. Lovett, 97 So.2d 730, 731-32 (Miss. 1957), the court stated,

"It was not possible, by subsequent recitals, to reaffirm the

3

core of Knight's defense.  His argument oversimplifies Mississippi law by ignoring the state's rules for orderly procedure.

The present case differs procedurally from Southern Trucking and Bryant because Knight never mounted a defense to the suit to renew the judgment.  In 1995, the Bank filed a simple state court lawsuit predicated on the 1988 judgment, pleading that the judgment had never been paid, discharged or satisfied, and attaching a copy of the judgment.  Knight was properly made a party to the 1995 lawsuit.  Knight could have raised the alleged invalidity of the 1988 judgment as an affirmative defense, but he chose neither to appear nor to defend.  Mississippi procedure did not, however, afford him the luxury of inaction.

In Hertz Commercial Leasing v. Morrison, 567 So.2d 832 (Miss. 1990), the state Supreme Court held that the contractual defense of illegality is an affirmative defense which must be pled under the state's procedural Rule 8(c) or it is waived.  The court then enforced a judgment founded on an illegal contractual penalty provision precisely because the defendant had not affirmatively pled the defense.  The court's dissenters emphasized the significance of Hertz in terms applicable to this case:

> But surely, Rule 8(c) does not obligate a court to enforce a contract which the unfettered proof at trial shows is against public policy and therefore void simply

validity of the final judgment.  Subsequent proceedings cannot breathe life into the prior dead [void] judgment."

4

> because a party has failed to affirmatively plead it.
> 567 So.2d at 837 (Hawkins, J., dissenting).

Not only did <u>Hertz</u> espouse the interpretation of Rule 8(c) feared by the dissent, but the majority also explained that, even where illegal contracts are, like gambling contracts, *void ab initio*, they are subject to the affirmative defense pleading requirement embodied in Rule 8(c). 567 So.2d at 834-35.

<u>Hertz</u> also notes that Rule 8(c) expressly covers "any other matter constituting an avoidance or affirmative defense." Referring to a defendant's pleading, the court defines an "avoidance or affirmative defense" as a response that "assumes the plaintiff proves everything he alleges and asserts, even so, the defendant wins." 567 So.2d at 835.

From <u>Hertz</u>, two conclusions are inescapable. First, the alleged voidness of the 1988 judgment constituted an avoidance or affirmative defense that Knight was required to raise in defense of the 1995 lawsuit to avoid its waiver. Second, if Knight's position were correct, and he need not have even responded to the second lawsuit (after valid service), he would be in a better position than the party who responded but failed to affirmatively plead the void judgment; yet no reason has been advanced why Mississippi courts would countenance this strange result, or why a defense based on a prior void judgment should be more compelling than any other affirmative defense, including illegality.

5

The cases declaring a void judgment a "nullity" are neither inconsistent with <u>Hertz</u> nor undermine its applicability here. In both <u>Bryant</u> and <u>Southern Trucking</u>, the first judgment was declared void during post-judgment collection and enforcement proceedings in which the judgment debtor appeared to defend himself. Although caught off guard by or not a party to errors made in the initial lawsuit, neither defendant sat by when collection efforts were pursued in court. As these cases do not address what should happen when the debtor wholly fails to respond in a subsequent suit based on the enforceability of the first judgment, they offer no support for Knight's attempt to ignore the second service of summons and avoid his obligation to plead his affirmative defense.

For the foregoing reasons, we conclude that the Bank's 1995 judgment was valid and subsisting when Knight filed bankruptcy and the Bank sought to enforce a judgment lien. Even if the 1988 judgment was flawed, Knight could not fail to defend himself in the 1995 lawsuit and decline to raise an affirmative defense. The judgments of the bankruptcy and district courts that held to the contrary are **REVERSED** and this case is **REMANDED** for further proceedings.