# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00259-COA

**SUN SOUTH LLC**                                                                        **APPELLANT**

**v.**

**BAYOU VISTA LLC**                                                                       **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/01/2018 |
| TRIAL JUDGE: | HON. JOHN ANDREW GREGORY |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WALTER ALAN DAVIS |
| ATTORNEYS FOR APPELLEE: | ARTHUR F. JERNIGAN JR. |
| | WILLIAM M. VINES |
| | CORY T. WILSON |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND RENDERED - 04/23/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**TINDELL, J., FOR THE COURT**:

¶1.    On November 21, 2017, Sun South LLC filed a Mississippi Rule of Civil Procedure 60(b)(4) motion asking the Lafayette County Circuit Court to set aside the circuit court's July 2012 default judgment against Sun South in favor of Bayou Vista LLC in the amount of $658,842.13, plus interest and attorneys' fees. The circuit court denied Sun South's motion. On appeal, Sun South argues that the July 2012 default judgment was void for lack of personal jurisdiction over Sun South due to insufficient service of process on the part of Bayou Vista.

¶2.    Sun South made no formal or informal appearance in the litigation to file an answer

or defend the merits of the case until its Rule 60(b)(4) motion, which has no time limitation for void judgments. We therefore find the default judgment is void for insufficient service of process. Accordingly, we reverse and render the circuit court's default judgment.

**FACTS**

¶3. Sun South is a limited-liability company comprised of two members and managing agents, Michael Halford and Ted Smith. On June 9, 2009, Sun South executed a promissory note in which it agreed to pay $690,289.25 to Bayou Vista. On April 5, 2012, Bayou Vista filed a complaint with the circuit court to collect the principal amount owed on the promissory note, plus interest and attorney's fees, and named only Sun South as a defendant. The complaint stated that Sun South could be served with process through Smith, its registered agent, at Smith's address in Oxford, Mississippi.

¶4. Bayou Vista attempted service of process first by mailing a copy of the summons and complaint to Smith at his address in Oxford. Bayou Vista then hired a process server who delivered a copy of the summons and complaint to Halford's wife, Elizabeth Halford, at their address in Oxford. After Sun South filed no response to the complaint, Bayou Vista filed a motion for summary judgment on May 16, 2012, asserting that the promissory note was valid and remained unpaid. Bayou Vista asked the circuit court to issue a default judgment against Sun South. Bayou Vista attached to the summary-judgment motion an affidavit signed by Smith. In the affidavit, Smith testified that he and Halford had been the sole members of Sun South since its inception and that "to his knowledge," no payment had been made on the 2009 promissory note owed to Bayou Vista. Smith's affidavit did not state that he was

2

testifying on behalf of Sun South, nor did he address the lawsuit or service of process in any way. Smith signed the affidavit, but it not indicate a specific date on which it was executed. On July 20, 2012, the circuit court entered a final judgment of default against Sun South in the amount of $658,842.13, plus interest and $15,000 in attorney's fees. The circuit court found that Sun South had not "answered or otherwise appeared" in the action.

¶5. Following the default judgment, the circuit court entered a November 30, 2012 order to issue writs of execution against Sun South's property. The circuit clerk issued writs of execution upon four pieces of property that Sun South owned. On October 27, 2015, the circuit court entered an order directing that the sale of the four levied properties be advertised for sale and auction pursuant to Mississippi law. The circuit court then ordered a writ of execution to be issued and served upon Sun South, followed by a notice of public sale about Sun South's levied property. The writs of execution were issued on November 18, 2015, and personally served upon Halford on November 19, 2015, marking the first time that Sun South officially received notice of any default judgment levied against it. On December 1, 2015, Sun South's real property was sold, and the circuit court confirmed the sale by an order entered on December 2, 2015. On December 15, 2015, Sun South's personal property was sold, and the circuit court confirmed the sale by an order entered on December 16, 2015. Neither member of Sun South was present at the sale of the real or personal property, and no one took action to prevent the execution of the writs or the sale of Sun South's property.

¶6. On November 17, 2015, Bayou Vista filed a motion for a judgment-debtor examination. The circuit court granted the motion on November 20, 2015, and ordered the

3

examination to take place on December 11, 2015, at 10 a.m. Again, the record reflects no appearance by either member of Sun South at the judgment-debtor examination on December 11, 2015.

¶7. On November 21, 2017, Sun South filed a motion for relief from judgment, pursuant to Rule 60(b)(4), and argued that Bayou Vista failed to properly serve Sun South, which voided the judgment for lack of personal jurisdiction. The circuit court heard the motion on January 10, 2018, and ultimately denied Sun South's motion after finding that Smith's affidavit constituted an entry of appearance by him on behalf of Sun South. Aggrieved, Sun South appeals.

**STANDARD OF REVIEW**

¶8. "Under Mississippi law, the grant or denial of a [Rule] 60(b) motion is generally within the [trial] court's discretion, unless the judgment in question is deemed to be void." *Evans v. Oberon Holding Corp.*, 729 So. 2d 825, 827 (¶5) (Miss. Ct. App. 1998). If a judgment is deemed to be void, the trial court has no discretion and must set the judgment aside. *Id.*

¶9. Trial courts must have proper jurisdiction over a party to effectuate a default judgment. *McCain v. Dauzat*, 791 So. 2d 839, 842 (¶7) (Miss. 2001). Without proper jurisdiction, the default judgment is void. *Id.* Where service of process is not properly complete, the court does not have personal jurisdiction and, therefore, a default judgment would automatically be void. *Id.* "Sufficiency of service of process is a jurisdictional issue which is reviewed de novo." *S&M Trucking LLC v. Rogers Oil Co. of Columbia Inc.*, 195

4

So. 3d 217, 221 (¶16) (Miss. Ct. App. 2016).

¶10.    Rule 60(b)(4) governs motions to set aside default judgments as void due to improper service of process. *Evans*, 729 So. 2d at 827 (¶5). Rule 60(b)(1)-(3) requires a party to file its motion to set aside a judgment no later than six months after the judgment is entered, but only for judgments based upon mistake, newly discovered evidence, and fraud. *Overbey v. Murray*, 569 So. 2d 303, 305 (Miss. 1990). Rule 60(b)(4) regarding void judgments has no time limitation. *Id.* Although Rule 60(b) indicates that such a motion should be filed "within a reasonable time," the "[Mississippi Supreme] Court previously has recognized that, essentially, there can be no time limitation for relief from a void judgment as no amount of time or delay may cure a void judgment." *O'Neal v. O'Neal*, 17 So. 3d 572, 575 (¶14) (Miss. 2009); *see also Ravenstein v. Ravenstein*, 167 So. 3d 210, 216-17 (¶12) (Miss. 2014) ("[T]here is no effective time limit for seeking relief from a void judgment under Rule 60(b)(4) . . . .").

## ANALYSIS

### I.    INSUFFICIENT SERVICE OF PROCESS

¶11.    Before a court can enter a default judgment against a party, the party must be adequately served with process, thereby subjecting itself to the court's jurisdiction. *Williams v. Kilgore*, 618 So. 2d 51, 56 (Miss. 1992). Mississippi Rule of Civil Procedure 4(d)(4) governs service of process for a domestic or foreign corporation, partnership, or other unincorporated association. Specifically, the rule states that service of process is perfected upon these entities "by delivering a copy of the summons and of the complaint to an officer,

5

a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." M.R.C.P. 4(d)(4). In its brief, Bayou Vista states that it served process upon Sun South "by mailing a summons and copy of the complaint to Sun South's registered agent, member/manager Ted L. Smith, Jr. . . . and by leaving a copy of the summons and complaint with the wife of Sun South's other member/manager, Michael Halford . . . ." However, the text of Rule 4(d)(4) makes it clear that a copy of the summons and complaint must be **delivered** to an officer, managing or general agent, or any other agent authorized by law. Bayou Vista mailed copies of the summons and complaint to the appropriate agents but only delivered copies, via process server, to the wife of member/manager Halford. Delivery to a defendant's spouse is only appropriate under the circumstances set forth in Rule 4(d)(1)(B), where an individual (other than an unmarried infant or mentally incompetent person) is being served. Bayou Vista asserts no argument that it properly served Sun South, only that Sun South waived insufficient service of process by virtue of Smith's affidavit. Furthermore, Bayou Vista, on appeal, does not dispute the fact that service of process was insufficient. Because Bayou Vista did not comply with the service-of-process requirements as enumerated in Rule 4(d)(4), the Court finds that Sun South was not properly served with process.

## II.   WAIVER OF JURISDICTION AND SERVICE OF PROCESS

¶12.   We must next determine whether Sun South's conduct (or lack thereof) constitutes a waiver of its affirmative defense. Under Mississippi law, a party may waive insufficient service of process. *Young v. Huron Smith Oil Co.*, 564 So. 2d 36, 39 (Miss. 1990). Pursuant

6

to Mississippi Rule of Civil Procedure 12(h)(1), a defendant must assert defenses of lack of jurisdiction and insufficient service of process initially—meaning in its first responsive pleading or an initial motion addressing such defenses. Failure to timely assert such defenses results in a waiver of that particular defense. *Miss. Credit Ctr. Inc. v. Horton*, 926 So. 2d 167, 180 (¶42) (Miss. 2006). Such a waiver constitutes consent by the defending party for the Court to exercise jurisdiction over that party's case. *Richard v. Garma-Fernandez*, 121 So. 3d 929, 933 (¶23) (Miss. Ct. App. 2013). A defendant may formally waive a service-of-process defense in writing, signed by the defendant and dated after the complaint was filed. M.R.C.P. 4(e). A party who makes a general appearance to defend the merits of the case without asserting these affirmative defenses waives those defenses under the rules. *Courtney v. McCluggage*, 991 So. 2d 642, 645 (¶13) (Miss. Ct. App. 2008).

¶13. Bayou Vista relies heavily upon the argument that Smith's affidavit constituted an entry of appearance on behalf of Sun South, because the affidavit addressed the merits of the case. Bayou Vista argues that this, coupled with Sun South's long delay in asserting its service-of-process and personal-jurisdiction defenses, serves as a waiver of these defenses. We disagree.

¶14. A somewhat analogous case recently before this Court is *S&M Trucking*, where the plaintiff failed to properly serve S&M Trucking after two attempts. *S&M Trucking*, 195 So. 3d at 219 (¶¶4-9). The circuit court entered a default judgment against S&M Trucking and then granted the plaintiff's motion for a judgment-debtor examination. *Id*. at 220 (¶12). In its order setting the judgment-debtor examination, the circuit court also acknowledged an

entry of appearance made by S&M Trucking's attorney. *Id*. S&M Trucking appeared for the judgment-debtor examination but filed a Rule 60(b) motion to set aside the default judgment fifteen days later. *Id*. at (¶13). This Court held that the attorney's entry of appearance, by itself, was insufficient to waive an objection to service of process. *Id*. at 223 (¶23). To effectively waive a defense of insufficient service of process and submit to the jurisdiction of a particular court, a defendant must (1) enter an appearance and (2) file an answer or otherwise defend the merits of the case in some way. *Id*. at (¶24). This Court found that S&M Trucking was not appearing to defend the merits of the case by voluntarily submitting to the judgment-debtor examination. *Id*. at 224 (¶25). We found that the entry of appearance made by S&M Trucking's attorney, along with an appearance at the judgment-debtor examination, did not meet the threshold for waiving a jurisdictional argument at a later time. *Id*.

¶15.    The present case falls even farther behind the threshold of *S&M Trucking*. Here, no entry of appearance was made by Sun South's attorney. Bayou Vista asks this Court to deem Smith's affidavit, which was submitted as part of Bayou Vista's own motion for summary judgment, as an entry of appearance for purposes of waiving any future jurisdictional arguments by Sun South. But an appearance is made when a party or interested person comes to court on its own behalf (often for purposes of taking part in the lawsuit). Black's Law Dictionary 118 (10th ed. 2009). In the affidavit, which was signed on behalf of Smith—not Sun South—Smith testified that, to his knowledge, Sun South's promissory note to pay Bayou Vista remained unpaid. At best, this constituted an acknowledgment of the outstanding note on behalf of Smith, individually, and was not indicative that Smith, on

8

behalf of Sun South, sought to "come to court" to address Bayou Vista's lawsuit against Sun South.

¶16.   It is undisputed that Sun South never filed an answer in this case, nor did it participate in any collection proceedings following the circuit court's final judgment of default.  The record does not reflect that Sun South participated in any type of litigation.  Prior to the Rule 60(b) motion, the only activity directly related to Sun South was Smith's affidavit, which Bayou Vista submitted with its summary-judgment motion.  The summary-judgment motion was never set for a hearing before the circuit court.  Instead, the circuit court issued its final default judgment against Sun South on July 20, 2012, and ordered the issuance of writs of execution upon Sun South on December 10, 2012.  In its final judgment, the circuit court found that Sun South was in default because it had not "answered or otherwise appeared to defend this action."  Bayou Vista states in its own brief that Sun South "did nothing" and "took no action" as Bayou Vista proceeded to collect on the default judgment until Sun South filed the motion for relief of judgment on November 21, 2017.  Thus, Sun South's first defensive move, much like in *S&M Trucking*, was to file a motion to set aside the default judgment.

¶17.   Last, Bayou Vista attempts to insert a laches argument by asserting that Sun South slept on its rights by waiting five years to assert the affirmative defenses in its Rule 60(b) motion.  Although Sun South filed the motion over five years after the complaint, "there is no effective time limit for seeking relief from a void judgment under Rule 60(b)(4)."  *Ravenstein*, 167 So. 3d at 216-17 (¶12).  Because the rule explicitly removes delay as an obstacle to a jurisdictional defense, the doctrine of laches is inapplicable in this type of case.

9

*Jackson v. FIE Corp.*, 302 F.3d 515, 523-24 (5th Cir. 2002). Without some extraordinary circumstances, "the mere passage of time alone cannot convert an absolutely void judgment into a valid one." *Id* at 523.[1]

¶18.   Smith's affidavit is insufficient to mark Sun South's first defensive move because it constituted neither an appearance before the circuit court nor notification to Bayou Vista of Sun South's jurisdictional defense. In fact, the affidavit was included in Bayou Vista's own motion submitted to the circuit court.   Following the default judgment, Sun South made no other appearance in this case until the filing of its motion to set aside the judgment, which has no time restriction because it sought to challenge a void judgment.  As such, this Court finds that Sun South did not waive its affirmative defense of insufficient service of process, and the default judgment is void as a matter of law.

## CONCLUSION

¶19.   At the onset of this litigation, Sun South was never properly served with a copy of the summons and complaint as required for proper jurisdiction.  Further, Bayou Vista raises no dispute that service of process upon Sun South was insufficient.  Because Bayou Vista failed to properly serve Sun South and there was no effective waiver of service of process, the default judgment is void.  We therefore reverse and render the default judgment.  Bayou Vista's claim is dismissed without prejudice.

¶20.   **REVERSED AND RENDERED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE,**

---

[1] *See In re Knight*, 208 F.3d 514, 517 (5th Cir. 2000) (holding that the failure to assert an affirmative defense, when properly summoned, may constitute a waiver, resulting in an otherwise flawed judgment becoming enforceable).

**WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. C. WILSON, J., NOT PARTICIPATING.**