THOMAS, J.,
for the Court:
¶ 1. Larry Hentz, pro se, appeals the Mississippi Department of Corrections decision to suspend visitation privileges with his wife and the circuit court’s affirmance of the MDOC’s determination. Finding no error, we affirm.
¶2. On August 12, 1996, Hentz, an inmate legally incarcerated with the MDOC, filed a motion to show cause in the Circuit Court of Sunflower County, Mississippi against the MDOC, seeking to have his visitation privileges restored to his wife.
¶ 3. In March 1993, the visitation privileges of Elizabeth Murphree Hentz, Hentz’s wife, were suspended after she was implicated in a money order scam. Elizabeth was tried and acquitted of the charges in July 1993. Following the acquittal, Elizabeth was notified by Associate Superintendent Lynn Warren that her visitation privileges had been restored. However, soon thereafter, Elizabeth’s privileges were rescinded.
¶ 4. Hentz twice filed for relief in federal court where he sought, among other things, to have his wife’s visitation privileges restored. The federal court twice denied relief. Thereafter, Elizabeth wrote the MDOC and sought to have her visitation privileges restored; her request was denied. Hentz then followed the Administrative Remedies Program with the MDOC, but the relief he petitioned for was denied. Hentz then filed his complaint with the Sunflower Circuit Court. By order on October 30, 1996, the circuit court *2 dismissed Hentz’s complaint holding that it was barred by res judicata as the United States District Court for the Northern District of Mississippi had twice ruled on the issue.
¶ 5. Thereafter, Hentz filed a “Motion to Alter or Amend Judgment or, Alternatively, for Relief from Judgment or Order.” Judge Gray Evans held a hearing on Hentz’s motion. At the hearing, Walter Booker with Parchman testified that he was not the person who originally suspended Elizabeth’s visitation privileges, but that he was the superintendent’s designee in 1996 when Elizabeth requested that her visitation be reinstated. Booker testified that he checked Elizabeth’s record and discovered that in 1985 she had been convicted of conspiracy to help Hentz escape. Booker testified that based on this information he felt he could not reinstate her visitation.
¶ 6. On January 17, 1997, the circuit court entered a second order dismissing Hentz’s complaint. In the order, the court announced that a valid reason existed to deny reinstatement of visitation privileges since Elizabeth had been convicted of conspiracy to help Hentz escape. From his denial of relief, Hentz appeals.
ANALYSIS
¶ 7. The MDOC argues that the circuit court’s October 30, 1996 order dismissing Hentz’s complaint for res judicata was correct. Hentz argues that the res judicata dismissal was rescinded when the circuit court held a hearing on his motion to reconsider. We need not decide whether the federal court’s decision is res judi-cata as Hentz’s argument is completely without merit and can be dealt with quickly.
¶ 8. “A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor.” Puckett v. Stuckey, 633 So.2d 978, 982 (Miss.1993) (citing Kight v. Sheppard Building Supply, Inc., 537 So.2d 1355, 1358 (Miss.1989)).
¶ 9. “[Visitation privileges are a matter subject to the discretion of prison officials.” McFadden v. State, 580 So.2d 1210, 1216 (Miss.1991) (citation omitted). “Although prisoners do not enjoy an absolute constitutional right to unrestricted visitation, and their visitation privileges are subject to the discretion of prison officials, restrictions on an inmate’s visitation privileges should not be imposed arbitrarily or discriminatorily.” Puckett, 633 So.2d at 982.
¶ 10. The circuit judge heard and considered the facts. He found that the reason given by the correction officials for suspending visitation privileges, because Elizabeth was convicted of attempting to help her husband escape from Parchman, was not an arbitrary or a discriminatory reason to restrict the visitation. The circuit court’s finding that MDOC had valid reasons for denying Elizabeth’s request for reinstatement of visitation privileges was neither manifestly wrong or clearly erroneous. We affirm.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR.