991 So.2d 642 (2008)
Morris E. COURTNEY, Appellant,
v.
Wallace B. McCLUGGAGE, Appellee.
No. 2007-CA-01440-COA.
Court of Appeals of Mississippi.
September 23, 2008.
*643 Stewart L. Howard, attorney for appellant.
Myles Ethan Sharp, attorney for appellee.
Before LEE, P.J., CHANDLER and GRIFFIS, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On January 7, 2003, Morris E. Courtney was involved in a vehicle accident with Wallace B. McCluggage. Courtney filed a complaint on April 25, 2005, against McCluggage in the Circuit Court of Greene County, alleging that McCluggage negligently and/or wantonly caused the car collision.
¶ 2. Courtney served process on "Wallace B. McCluggage," an out-of-state resident, by certified mail at the address McCluggage provided on the accident report.[1] The certified receipt was signed by Wallace McCluggage on May 5, 2005. However, the signature on the certified receipt was later discovered to be that of McCluggage's estranged father, also named Wallace McCluggage, but with no middle name. When no answer was filed, Courtney filed for a default judgment in the Circuit Court of Greene County. The default judgment was granted on August 1, 2005, with a correction being made on August 10, 2005.
¶ 3. Various motions for relief from the judgment were filed by McCluggage. McCluggage argued that the default judgment was void because no hearing was conducted, and in the alternative, if a hearing was conducted, he was not notified of it. Also, McCluggage argued that the certified mail receipt was not marked restricted delivery as required by Mississippi Rule of Civil Procedure 4, which allowed it to be signed by someone other than the intended recipient. The circuit court agreed that service of process was not properly made and set aside the default judgment on February 14, 2006.
¶ 4. On April 6, 2006, Courtney filed an amended complaint. Service of process was properly made on McCluggage on April 11, 2006. McCluggage filed an answer and a motion to dismiss for failure to serve process timely. The circuit court granted the motion to dismiss on July 20, *644 2007. In granting the motion, the circuit court held that service was not timely because it occurred nearly a year after the original complaint was filed on April 25, 2005, and Courtney failed to show good cause for failing to serve process properly.
¶ 5. Courtney now appeals, asserting the following issues: (1) the circuit court erred in finding that he failed to show good cause for failure to serve process within 120 days; (2) alternatively, the 120-day period provided in Mississippi Rule of Civil Procedure 4(h) for service of the summons and the complaint does not apply to a default judgment that is entered and later set aside; and (3) alternatively, the circuit court erred in setting aside the default judgment since McCluggage waived service of process. Finding the third issue dispositive of the appeal, we find no need to discuss Courtney's other two issues.

STANDARD OF REVIEW
¶ 6. When reviewing a circuit court's grant or denial of a motion to dismiss, this Court applies a de novo standard of review. Scaggs v. GPCH-GP, Inc., 931 So.2d 1274, 1275(¶ 6) (Miss.2006). "When considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." Id. (quoting Lang v. Bay St. Louis/Waveland Sch. Dist., 764 So.2d 1234, 1236(¶ 7) (Miss. 1999)).

DISCUSSION
¶ 7. Courtney argues that the circuit court erred in setting aside the default judgment for lack of jurisdiction. Courtney asserts that the circuit court had jurisdiction to enter the default judgment because McCluggage consented to jurisdiction when he appeared to challenge the validity of the default judgment. In examining this issue, we must determine whether the circuit court had subject matter jurisdiction, as well as in personam jurisdiction, over McCluggage.
¶ 8. To establish subject matter jurisdiction, the defendant must have "sufficient minimum contacts with the state such that requiring that party to litigate in Mississippi does not `offend traditional notions of fair play and substantial justice.'" Hogrobrooks v. Progressive Direct, 858 So.2d 913, 922(¶ 34) (Miss.Ct.App.2003) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Since McCluggage was a resident of South Carolina, we must look to the long-arm statute to determine if jurisdiction was proper. Mississippi's long-arm statute states, in relevant part, "Any nonresident person ... who shall commit a tort in whole or in part in this state against a resident or nonresident of this state ... shall by such act ... be subjected to the jurisdiction of the courts of this state." Miss.Code Ann. § 13-3-57 (Rev. 2002). Clearly, the requirements for subject matter jurisdiction have been met since the tort, the car wreck and alleged negligence, occurred in Greene County, Mississippi.
¶ 9. As to the issue of whether or not the circuit court had in personam jurisdiction, we must determine whether McCluggage entered a general or special appearance in the Greene County Circuit Court. If McCluggage entered a general appearance, he will be deemed to have waived service of process and have subjected himself to jurisdiction of the court.
¶ 10. Default judgment was entered against McCluggage on August 10, 2005. On September 8, 2005, McCluggage filed a motion for relief from the default judgment. McCluggage's motion made two arguments *645 as to why the default judgment should be set aside: (1) no hearing on the record concerning damages was conducted, and (2) in the alternative, he was entitled to notice of such hearing. In his argument that he was entitled to notice, counsel for McCluggage asserted that he had entered an appearance within the meaning of Mississippi Rule of Civil Procedure 55 and was, therefore, entitled to notice of the motion for default judgment. On October 7, 2005, McCluggage filed a supplemental motion for relief from judgment. In this motion, McCluggage requested that he be entitled to conduct limited discovery on the issue of damages and that a jury should determine the issue of damages.
¶ 11. It was not until November 28, 2005, that McCluggage's attorney filed a motion for relief from judgment, asserting insufficient service of process and requesting that the default judgment be declared void. In this motion, McCluggage's attorney explained that after unsuccessfully trying to reach McCluggage, he had recently spoken to McCluggage's mother, Elizabeth, on November 16, 2005. Elizabeth told McCluggage's attorney that it was McCluggage's father who signed for the summons and that it remained unopened until August 19, 2005, when she took it to her insurance agent.
¶ 12. Mississippi Rule of Civil Procedure 12(h)(1) states:
A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.
Rule 12(g) provides, "If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted...." M.R.C.P. 12(g).
¶ 13. We find that by filing the motion on September 8 asking the court for affirmative relief, McCluggage made a general appearance, thus, subjecting himself to the jurisdiction of the court. Further, no objection to personal jurisdiction was raised in this motion. It was not until November 28, 2005, after counsel for McCluggage spoke to McCluggage's mother, that the issue of insufficiency of process was raised. "[O]bjections to personal jurisdiction must be asserted timely or they will be held waived." Jones v. Chandler, 592 So.2d 966, 970 (Miss.1991). In addressing this issue, the supreme court has held as follows:
[T]he right to contest the court's jurisdiction based on some perceived problem with service may yet be lost after making an appearance in the case if the issues related to jurisdiction are not raised at the first opportunity. Young v. Huron Smith Oil Co., Inc., 564 So.2d 36, 38-39 (Miss.1990). Thus, a defendant appearing and filing an answer or otherwise proceeding to defend the case on the merits in some waysuch as participating in hearings or discovery may not subsequently attempt to assert jurisdictional questions based on claims of defects in service of process. See Brown v. Brown, 493 So.2d 961, 963 (Miss.1986).
Schustz v. Buccaneer, Inc., 850 So.2d 209, 213(¶ 15) (Miss.Ct.App.2003).
¶ 14. Since McCluggage did not raise the defense of improper service of process in his motion filed on September 8, the defense is waived. Id.; M.R.C.P. 12(h)(1). We find that the circuit court correctly set aside the default judgment after discovering *646 service was not perfected. However, the circuit court should have given McCluggage thirty days, or some such time, after setting aside the default judgment to file an answer, thus, allowing the case to proceed on the docket.
¶ 15. Since McCluggage waived service of process, the circuit court's order dismissing this case for failure to timely serve process was in error. We reverse the order granting the motion to dismiss and reinstate the amended complaint filed by Courtney on April 6, 2006. The amended complaint was timely, and it was not necessary for Courtney to seek leave of court to file the amended complaint because no responsive pleading had been filed by McCluggage as of April 6, 2006. M.R.C.P. 15(a) ("A party may amend a pleading as a matter of course at any time before a responsive pleading is served...."). Therefore, we reverse and remand this case to be reinstated on the circuit court's active docket.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. BARNES, J., CONCURS IN RESULT ONLY.
NOTES
[1] At the time service was made, McCluggage no longer resided at his parents' address; he was housed in a detention facility.