CARLTON, J.,
 

 for the Court:
 

 ¶ 1. On March 10, 2010, James Whatley filed a complaint, which he entitled “Petition to Show Cause or an Writ of Habeas Corpus,” against Dale Caskey, B. Grimes, Felix Harris, and Joyce Graham. In his complaint, Whatley challenged the conditions of his confinement at the East Mississippi Correctional Facility
 
 [1]
 
 and sought transfer to the Mississippi State Penitentiary at Parchman, Mississippi, or to a
 
 *60
 
 Mississippi Department of Corrections (MDOC) facility in Greene County, Mississippi. On July 20, 2010, the Lauderdale County Circuit Court entered an order dismissing Whatley’s action without prejudice after finding that no evidence existed in Whatley’s civil file showing that What-ley had provided a summons for any of the named defendants. In the order of dismissal, the trial court found as follows:
 

 Pursuant to [Rule 4 of the Mississippi Rules of Civil Procedure,] a [pjlaintiff must perfect service on a [defendant within 120 days of the filing of the [c]omplaint. [M.R.C.P.] 4(h). If process is not served within 120 days, absent good cause shown, “the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.” ([EJmphasis added) [M.R.C.P.] 4(h).
 

 The [pjlaintiff commenced this action on March 10, 2010[,J by filing his complaint. The [pjlaintiff failed to have process issued for any of the defendants upon filing of his motion; and further, as of the date of [¡Judgment, it appears that [pjlaintiff made no effort whatsoever to have the defendant properly served with process. The one hundred and twenty (120) days expired on July 8, 2010, and this is well beyond the timely service required by [Rule 4 of the Mississippi Rules of Civil Procedure.] Accordingly, Rule 4 leaves the Court without discretion. Unless good cause is shown why process has not been made upon the defendants, the Court is required to dismiss the action without prejudice. [M.R.C.P. 4(h) J.
 

 On August 17, 2010, Whatley filed the following response to the trial court’s order:
 

 I am filing [tjhis appeal and [rjebuttal on [tjhis motion [tjo show cause, and asking for it [tjo be [rjeconsidered. I filed [tjhe summons in a [tjimely manner, way before July 8[,J 2010[.J All I[’]m asking is for someone [tjo look into [tjhis matter and at least consider offering me some help. I hope that we can resolve [tjhis issue[.J I need [tjo [r]e[-]file all of [tjhis paperwork^] Thank you for your [tjime [and] effort on [tjhis matter.
 

 Then, on August 20, 2010, the trial court entered an order granting Whatley leave to proceed in forma pauperis on his appeal of the court’s order of dismissal dated July 20, 2010. Aggrieved, Whatley appeals.
 
 [2]
 

 DISCUSSION
 

 ¶ 2. “On appeal, this Court reviews the trial court’s dismissal of a lawsuit based on a question of law under a de novo standard of review.”
 
 Roland v. Epps,
 
 10 So.3d 972, 974 (¶ 9) (Miss.Ct.App.2009) (citing
 
 Wimley v. Reid,
 
 991 So.2d 135, 136 (¶ 5) (Miss. 2008));
 
 see also Nelson v. Baptist Mem’l Hosp.-N. Miss., Inc.,
 
 972 So.2d 667, 670 (¶ 7) (Miss.Ct.App.2007).
 

 ¶ 3. Mississippi Rule of Civil Procedure 4(h) provides:
 

 If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.
 

 
 *61
 
 ¶4. Upon a review of the record, we, like the trial court, find no evidence in the record that Whatley provided a summons for any of the named defendants as required by Rule 4(h).
 
 [3]
 
 Pursuant to Rule 4(h), the trial court was required to dismiss Whatley’s complaint unless he was able to show cause as to why service was not made upon the defendants within 120 days. Because Whatley violated the 120-day provision of Rule 4(h) and failed to show good cause for his failure to comply, we find that the trial court did not abuse its discretion by dismissing Whatley’s complaint without prejudice.
 

 ¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ., CONCUR.
 

 [1]
 

 . Whatley claims that Harris subjected him to cruel treatment that caused him to fear for his safety. Whatley contends that Caskey and Grimes knew of Harris’s actions but failed to take precautionary measures to prevent Harris from harming him. Further, Whatley asserts that the MDOC failed to release him from long-term status as required by the MDOC policies and procedures, and the stated defendants violated his constitutional rights by not providing him a proper classification hearing. Specifically, Whatley contends that Graham is liable due to her duty to ensure that all inmates receive proper classification hearings.
 

 [2]
 

 . We pause to note that the appellees did not file an appellate brief with this Court. Further, we note that Whatley, the appellant, failed to file an appellate brief with this Court; instead, he re-filed his "Petition to Show Cause or an Writ of Habeas Corpus.”
 

 [3]
 

 . A review of the record also reflects that Whatley, in his show-cause notice, sought an evidentiary hearing before the trial court to show that his security was threatened warranting a transfer to Parchman or to a MDOC facility in Greene County. However, there is no indication in the record showing that Whatley exhausted his administrative remedies on this claim through the MDOC’s Administrative Remedy Program, or otherwise, prior to his filing for judicial review.