ISHEE, J.,
for the Court:
¶ 1. In 2011, Saskia Carpenter was permanently suspended from visiting her husband, Anthony Carpenter, who is incarcerated at the Mississippi State Penitentiary (MSP) in Parchman, Mississippi, in the custody of the Mississippi Department of Corrections (MDOC). E.L. Sparkman, MDOC Deputy Commissioner and Superintendent of the MSP, advised Saskia of the visitation ban as a result of her alleged attempt to introduce contraband in the form of a wedding band that was found in her right front pants pocket while visiting Anthony at the MSP. Anthony appeals Sparkman’s decision, which the circuit court affirmed, essentially alleging Spark-man abused his discretion in permanently banning Saskia from visiting Anthony during his incarceration. We reverse and render the circuit court’s decision.
STATEMENT OF FACTS
¶ 2. Anthony has been incarcerated in the custody of the MDOC for several years. In 2010, approximately a year before he was transferred from a correctional facility in Marshall County, Mississippi, *815 to MSP, Saskia bought Anthony a wedding band in anticipation of their nuptials. Several months before his transfer, Anthony married Saskia, who is the mother of his now ten-year-old daughter, at the correctional facility in Marshall County. According to Anthony and Saskia, Saskia would periodically leave with Anthony’s wedding band after their visits, have it cleaned, and return it to Anthony at the following visit. During her visits, Saskia would bring their daughter to visit Anthony, as well as Anthony’s ailing mother. Saskia states in an affidavit that she has always been the only resource for their daughter and Anthony’s mother to visit Anthony since she is the only one legally able to drive.
¶ 3. In 2011, Anthony was transferred to the MSP. On her first visit to see Anthony, Saskia was stopped by MSP officials and was discovered to have Anthony’s wedding band in her front right pants pocket. The ring was deemed to be contraband by MDOC officials, and Saskia was asked to immediately vacate MSP property. She was also advised that her actions in attempting to provide contraband to a prisoner would likely result in her permanent suspension from visitation privileges. Approximately a month after the incident, Saskia received a letter from Sparkman advising her that she was permanently suspended from visiting Anthony in any MDOC facility.
¶ 4. Anthony and Saskia both contacted MDOC officials by phone, written letter, and affidavit, requesting reconsideration of the decision. After their requests were denied, Anthony appealed the decision to the Sunflower County Circuit Court. Specifically, Anthony asserted that the wedding band is not contraband and that Sparkman’s decision was an abuse of discretion. The circuit court denied Anthony’s appeal, and he and his wife now appeal the circuit court’s judgment.
DISCUSSION
¶ 5. We have held that while “visitation privileges are a matter subject to the discretion of prison officials, ... limitations must meet legitimate penological objectives such as rehabilitation and the maintenance of security and order.” McFadden v. State, 580 So.2d 1210, 1216 (Miss.1991) (internal quotations omitted). Furthermore, “restrictions on an inmate’s visitation privileges should not be imposed arbitrarily or discriminatorily.” Hentz v. Miss. Dep’t of Corr., 766 So.2d 1, 2 (¶ 9) (Miss.Ct.App.2009) (citation omitted).
¶ 6. Here, Sparkman’s letter stated the following:
Dear Ms. Carpenter:
Effective [August 28, 2011,] you are permanently suspended from visiting Offender Anthony Carpenter.... This suspension of visiting privileges is a result of you attempting to introduce contraband, by the specific act of attempting to bring in a wedding band in your right front pants pocket. You are permanently suspended from visiting any correctional facilities that house[ ] Mississippi Department of Corrections offenders.
¶ 7. While the Carpenters admit they reviewed the applicable rules of visitation that dictate visitors are “prohibited from giving, trading, selling[,] or receiving anything to and from each other, other offenders[,] or visitors,” the record is silent on of whether Saskia actually transferred or intended to transfer the wedding band to Anthony. Both of their affidavits show that while Anthony had apparently been allowed to wear his band in the Marshall County prison, he had given the band to his wife prior to his transfer. Neither Anthony nor Saskia specifically state in their petitions that Saskia was going to transfer the band to Anthony.
*816 ¶ 8. Likewise, the visitation rules state that the attire for females includes “[n]o jewelry except a wedding ring, religious medallion[,] or a medical alert bracelet^]” (Emphasis added). Furthermore, the visitation rules list the following items as the exclusive items constituting contraband:
1. Alcoholic beverages
2. Controlled substances
3. Cameras
4. Tape recorders
5. Civilian clothing
6. Tools
7. Weapons
8. Ammunition
9. Explosives
10. Hacksaw blades
¶ 9. As such, Sparkman’s decision to ban Saskia on the basis of the introduction of contraband is unfounded. A wedding band does not fall within the category of any listed contraband group. Accordingly, it would appear that a wedding band was permissible as visitor attire and, likewise, was not listed as an excluded contraband item.
¶ 10. Moreover, Sparkman’s permanent ban of Saskia also permanently bans the Carpenters’ minor child from visiting her father. Both affidavits in the record from Saskia and Anthony list Saskia as providing the family’s only method of transportation to and from the MSP. We ñnd Sas-kia’s permanent ban of visitation rights extreme given the facts before us. Sas-kia’s behavior was not explicitly prohibited under MSP visitation rules, and her suspension prohibits the couple’s minor child from visiting her father. Accordingly, we find Sparkman’s decision to be an abuse of discretion. We deem that Saskia’s suspension from 2011 until the present to be adequate punishment for her alleged violation, and we reinstate her visitation privileges. The circuit court’s judgment is reversed and rendered.
¶11. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MAXWELL, FAIR AND JAMES, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. ROBERTS, J„ CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J„ DISSENTS WITHOUT SEPARATE WRITTEN OPINION.