# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-01125-COA

**ONEWEST BANK, FSB**  APPELLANT

**v.**

**PATRICIA LYNN BROWN-WOOD**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/20/2024 |
| TRIAL JUDGE: | HON. J. DEWAYNE THOMAS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | ERIC CHRISTOPHER MILLER RONALD M. GACHE |
| ATTORNEYS FOR APPELLEE: | J. FRED SPENCER JR. KATHY K. SMITH |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 03/31/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND McDONALD, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1. OneWest Bank appeals the judgment of the Hinds County Chancery Court, in which the court: (1) granted defendant Patricia Lynn Brown-Wood's motion to set aside the court's 2015 order granting an extension for service of process; (2) denied OneWest's motion for leave to amend its complaint; and (3) dismissed OneWest's 2014 complaint for judicial foreclosure. Finding no error, we affirm the judgment.

## Procedural History

¶2. On May 15, 2014, OneWest filed a complaint with the chancery court against Brown-Wood (Wood), Edith W. Brown (Brown), Linda Jo Brown Agnanos, and Tommie Lisa

Brown-Reese (Defendants), seeking judicial foreclosure on a deed of trust and note for property owned by the Defendants and located at 1773 Old Port Gibson Road, Utica, Mississippi. The complaint alleged that the Defendants were in default of a mortgage with OneWest as of November 19, 2013 (approximately 7 months), and "under the terms and conditions of said deed of trust[,] the entire outstanding principal, interest, fees and costs [($111,951.76)] are now due and payable."[1]

¶3.    Although summonses were issued for the Defendants on May 15, 2014, OneWest made no attempts to serve process on the Defendants in accordance with Rule 4(h) of the Mississippi Rules of Civil Procedure.[2] It was not until one year later, on May 13, 2015, that OneWest filed a motion for additional time to serve each defendant beyond the required 120-day period. In the motion, OneWest did not allege any difficulties in locating or serving process on the Defendants. Rather, OneWest stated that "[c]ounsel of record was of the mistaken belief that the judicial foreclosure action was going to be closed and that client would proceeding non-judicially[;] however, there was miscommunication." That same day, the chancery court entered an order without a hearing, finding the motion "well-taken" and granting OneWest an additional ninety days to serve process.

¶4.    Personal service of process was completed on Wood and Agnanos on July 16, 2015,

---

[1] The "Security Instrument" dated August 12, 1998, provides that payment in full may be required if "[a]n obligation of the Borrower under the Security Instrument is not performed."

[2] Under Mississippi Rule of Civil Procedure 4(h), service of process must be completed within 120 days of filing the complaint. If not, the action must be dismissed unless the plaintiff shows good cause for the delay. *See* M.R.C.P. 4(h).

but the process server was not able to serve process on Edith Brown until February 2016, noting that she was "in a nursing home and bedridden."[3] Because Tommie Brown-Reese was not able to be located, summons by publication was submitted in May 2016. The only defendant to respond to the complaint was Wood, who filed a separate answer and defenses on August 14, 2015, challenging the timeliness of service of process and seeking to have the chancery court's May 2015 order set aside.

¶5.    A year and a half later, on November 22, 2016, OneWest filed a "Motion to Set for Hearing" on its complaint. Almost three years passed before OneWest took any further action. On June 4, 2019, OneWest filed an application seeking a default judgment against the remaining defendants (Brown, Agnanos, and Brown-Reese). The chancery clerk made an entry of default on June 6, 2019, and OneWest filed a motion for a default judgment with the chancery court. *See* M.R.C.P. 55(b). On February 2, 2022, the chancery court entered a "Judgment for Judicial Foreclosure." In the judgment, the court noted that Wood's "answer does not create a genuine issue of material fact." A report of sale was filed on May 23, 2022, and an order confirming the sale was entered on June 9, 2022.

¶6.    Wood, represented by new counsel, filed a motion for relief from the judgment on July 27, 2022, in which she sought to have the judicial foreclosure sale set aside. Wood argued in the motion that the Defendants did not receive notice of a hearing; so "the judgment entered against Wood is void and must be set aside for it is inconsistent with the spirit of due process." On September 13, 2022, the chancery court entered an agreed order granting the

---

[3] The documentation of service noted that the process was served in front of Brown's caretaker. It is further noted in the record that Edith Brown later died on April 26, 2021.

motion for relief from the judgment and setting aside "the judgment for judicial foreclosure."[4]

¶7. On April 24, 2023, Wood filed a motion to dismiss this case, citing insufficient service of process and inaccuracies in the legal description in the deed of trust securing the reverse mortgage at issue.[5] The parties filed several more motions and responses, culminating in OneWest's filing of a motion to amend, seeking leave to amend and file a combined response to the motion to dismiss on November 6, 2023. A hearing was held on March 27, 2024.

¶8. On August 20, 2024, the chancery court entered an order (1) granting Wood's motion to dismiss, (2) dismissing OneWest's 2014 complaint for judicial foreclosure, and (3) denying OneWest's "Amended Motion for Leave to Amend and Combined Response to the Motion to Dismiss." The chancery court found that its prior May 14, 2015 order allowing OneWest an additional ninety days to serve process "was improper" because OneWest had failed to demonstrate good cause to support its request for the extension.

¶9. OneWest filed a motion for reconsideration, arguing that "[t]he lengthy delay in challenging the extension is inherently inequitable" and that "the setting aside of the extension order after nine years imposes significant and undue prejudice on the Plaintiff." Alternatively, OneWest argued that the entire action should not have been dismissed against

---

[4] The court noted in the order "that the Plaintiff has confessed the motion[.]"

[5] The motion also noted that OneWest's 2019 motion for a default judgment failed to "contain a certificate of service as required by Rule 5(d)" of the Mississippi Rules of Civil Procedure."

4

the other Defendants, who had yet to appear and challenge the proceedings.

¶10.    The chancery court denied OneWest's motion to reconsider on September 10, 2024, finding the "Plaintiff raises no concerns which were not properly addressed at the original hearing of the matter."  OneWest appeals the chancery court's judgments.

**Standard of Review**

¶11.    The Mississippi Supreme Court has held, "When reviewing appeals from chancery court decisions, 'we apply a limited standard of review in that the factual findings of the chancery court, if supported by substantial evidence, will not be disturbed unless the chancery court abused its discretion, applied an erroneous legal standard, or its findings are manifestly wrong or clearly erroneous.'"  *In re Est. of Brent*, 417 So. 3d 114, 119 (¶14) (Miss. 2025) (quoting *Flowers v. Bookos* (*In re Est. of Smith*), 204 So. 3d 291, 305 (¶22) (Miss. 2016)).  Questions of law, however, are reviewed de novo.  *Id*.

**Discussion**

I.    **Whether the chancery court abused its discretion by setting aside its prior May 2015 order granting an extension for service of process.**

¶12.    OneWest argues that the setting aside of the chancery court's 2015 order was an abuse of discretion because it improperly shifted the burden to OneWest to prosecute the defendant's affirmative defense, Wood waived her right to contest the service of process, and the caselaw relied on by the chancery court did not support its decision.

A.    *Whether the court abused its discretion by shifting the burden to OneWest to prosecute Wood's affirmative defense of improper service of process.*

5

¶13.     OneWest contends that the chancery court's "shifting the burden to [OneWest] in bringing [Wood's] affirmative defense to the Court's attention" was an abuse of discretion. OneWest asserts that it is "severely prejudiced by the Chancery Court's retroactive findings eight years later that [it] had, in fact, not shown 'good cause' for an extension of time within which to complete service of process."

¶14.     We find no merit to this argument.  First, this Court has held that "the plaintiff bears the burden of coming forward with evidence of proper service *if it is challenged*." *Deere v. Taylor*, 394 So. 3d 991, 1000 (¶42) (Miss. Ct. App. 2024) (emphasis added) (quoting 1 Jeffrey Jackson et al., Mississippi Civil Procedure, *Motions to Dismiss: Insufficiency of Process or Service* § 5:24 (updated May 2024)).

¶15.     Second, while "there is a presumption that service of process has occurred" if a process server executes a return, "logic dictates that this presumption never arises when the defendant is not properly served in the first place." *Sandlin v. State Farm Mut. Auto. Ins. Co.*, 409 So. 3d 1199, 1208 (¶33) (Miss. Ct. App. 2025).  Although Wood was eventually provided service of process in July 2015, more than one year after the complaint was filed, Wood timely challenged the validity of that service of process by claiming that OneWest never established good cause to merit the extension.

¶16.     "The burden is upon the plaintiffs to demonstrate good cause for failure to timely serve process." *Montgomery v. SmithKline Beecham Corp.*, 910 So. 2d 541, 547-48 (¶24) (Miss. 2005).  "In order to establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or

6

mistake of counsel or ignorance of the rules usually does not suffice." *Univ. of Miss. Med. Ctr. v. Jensen*, 334 So. 3d 78, 82 (¶9) (Miss. 2022) (internal quotation marks omitted). The supreme court has established the following factors to consider when making a good-cause determination:

a. the conduct of a third person, typically the process server,

b. [if] the defendant has evaded service of the process or engaged in misleading conduct,

c. [if] the plaintiff acted diligently in trying to effect service or there are understandable mitigating circumstances, or

d. [if] the plaintiff is proceeding pro se or in forma pauperis.

*Lewis Ent. Inc. v. Brady*, 142 So. 3d 396, 399 (¶9) (Miss. 2014).

¶17. OneWest never demonstrated to the chancery court that any of these factors were applicable in this instance; rather, OneWest simply noted in its May 2015 motion for additional time that there had been a miscommunication with counsel about whether to proceed judicially. As noted, "mistake of counsel" is not a sufficient ground to establish good cause for an extension for service of process. *Jensen*, 334 So. 3d at 82 (¶9). Furthermore, even if the bank had been contemplating pursuing non-judicial action, OneWest did not show why it could not have timely served the Defendants with process within the 120 days from the filing of the initial complaint. *See Montgomery*, 910 So. 2d at 546 (¶15) (advising that "a plaintiff who—prior to expiration of the service period—files a motion representing that he or she has been unable to serve process, will more likely succeed in demonstrating diligence than a plaintiff who does nothing"). Here, OneWest waited almost

7

one year after filing its complaint to seek additional time to serve process, not because it was unable to serve process previously, but it never attempted to.

> ### B. Whether Wood waived her right to contest service of process.

¶18. OneWest also argues that Wood waived this affirmative defense because she participated in the lawsuit for several years without pursuing this defense. However, much of OneWest's argument relies on a case in which this Court found that a defendant had subjected himself to the jurisdiction of the trial court because he made a general appearance in his initial pleading without "rais[ing] the defense of improper service of process." *Courtney v. McCluggage*, 991 So. 2d 642, 645 (¶¶13-14) (Miss. Ct. App. 2008). *McCluggage* is therefore distinguishable from this case, as Wood properly asserted the affirmative defense of insufficient service of process in her August 2015 responsive pleading, just weeks after service of process. *See* M.R.C.P. 12(b)(5).

¶19. We further find OneWest's reliance on Mississippi caselaw[6] involving waiver through litigation conduct inconsistent with the defendant's preserved affirmative defense—such as consenting to scheduling orders, engaging in discovery, filing dispositive motions, or otherwise seeking affirmative relief—is misplaced under the facts of this case. Contrary to OneWest's characterization, the record does not demonstrate that there was "active participation" by Wood constituting a waiver of the defense. In *Lucas v. Baptist Mem'l*

---

[6] *See, e.g.*, *MS Credit Ctr. Inc. v. Horton*, 926 So. 2d 167, 180 (¶41) (Miss. 2006) (finding that "defendants proceeded to substantially engage the litigation process by consenting to a scheduling order, engaging in written discovery, and conducting Horton's deposition").

*Hosp.-North Miss. Inc.*, 997 So. 2d 226, 233 (¶20) (Miss. Ct. App. 2008), this Court held that a defendant's filing of a motion for improper venue and the issuance of two subpoenas duces tecum for records "constituted only minimal participation in the litigation" and cannot "be seen as a waiver of the affirmative defenses." Furthermore, "[a]lthough participation in the litigation is an important factor to be considered, more is required to constitute a waiver." *Id*. (quoting *MS Credit Ctr.*, 926 So. 2d at 180 (¶41)).

¶20. After filing her answer in 2015, Wood took no further action to litigate the merits of the case; she was not noticed for hearings, served with discovery, nor engaged in motion practice. In fact, the matter remained dormant for nearly seven years until Wood filed a motion for relief from the foreclosure judgment in 2022, which had been entered without notice to the Defendants. Because Wood's motion for relief from the foreclosure judgment merely challenged the validity of the foreclosure judgment on due process grounds and did not seek adjudication of the underlying merits of the initial complaint, we do not find that it constituted active participation in the litigation so as to waive her affirmative defense of improper service of process.

¶21. Moreover, we note that OneWest was likewise dilatory in advancing the litigation. While OneWest eventually served process in 2015 on two of the Defendants, OneWest waited four years to file for a default judgment, which was only against the three Defendants who had not filed an answer, not Wood.

¶22. We therefore find Wood's "minimal participation" did not waive her affirmative defense in this instance.

¶23.     Asserting that the chancery court "relied heavily" on the supreme court's holding in *Jensen*, 334 So. 3d at 83 (¶12), OneWest attempts to distinguish the facts of that case from the present one.  However, as Wood notes in her brief, "The Chancery Court cited *Jensen* only once—for the settled proposition that 'neither inadvertence, mistake of counsel, or ignorance of the rules suffice to establish good cause' for untimely service under Rule 4(h)."  Although *Jensen* also addressed Rule 4(d)(5) and statute-of-limitations issues, its broader message that a plaintiff bears the burden to serve a defendant in a timely and proper manner is applicable here.  Furthermore, unlike the defendant in *Jensen*, Wood promptly asserted the defense of insufficient service in her August 2015 answer, putting OneWest on notice that she was challenging jurisdiction based on improper and untimely service of process and preserving that affirmative defense throughout years of inactivity *by both parties*.

¶24.     We therefore find no abuse of discretion in the chancery court's setting aside its prior May 2015 order.

**II.     Whether OneWest was prejudiced by the delay in setting aside the chancery court's May 2015 order.**[7]

¶25.     OneWest attests that it was "ultimately prejudiced" by the chancery court's judgment setting aside its prior order "through the loss of its claims."  OneWest contends that Wood's

---

[7] The second issue in the appellant brief's "Statement of the Issues on Appeal" states, "Did the Trial Court Commit reversible error and violate OneWest's due process rights by denying OneWest's Motion to Amend its Foreclosure Complaint?"  However, in the body of the brief, OneWest appears to have abandoned that issue and simply argues that it was prejudiced by the setting aside of the court's 2015 order.  Therefore, we will address only that issue that is presented in the body of the brief.

waiting almost eight years to bring this matter to the chancery court's attention "is patently unfair to the non-moving party."

¶26. OneWest cites no authority to support this claim. "[I]t is the duty of the appellant to provide authority in support of an assignment of error." *Herrin v. Perkins*, 282 So. 3d 727, 732-33 (¶21) (Miss. Ct. App. 2019) (citing *Fisher v. Miss. Dep't of Emp. Sec.*, 176 So. 3d 141, 143 (¶8) (Miss. Ct. App. 2015)). Mississippi Rule of Appellate Procedure 28(a)(7), which governs the argument section of an appellate brief, states, "The argument shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." "Arguments that do not comply with the rule are procedurally barred." *Reading v. Reading*, 350 So. 3d 1195, 1199 (¶19) (Miss. Ct. App. 2022) (citing *Hill v. State*, 215 So. 3d 518, 524 (¶10) (Miss. Ct. App. 2017)). Therefore, we find this issue is procedurally barred.

¶27. Notwithstanding, it is difficult for this Court to find OneWest's claim of prejudice credible, as the bank had notice in 2015 that Wood was (1) pursuing an affirmative defense of improper service of process and (2) seeking to have the chancery court's 2015 order set aside. Furthermore, it was OneWest that waited years to prosecute the case or advance it in any meaningful way, at which point Wood promptly filed the motion to dismiss.[8]

---

[8] We find OneWest's assertion that Wood improperly raised the issue through a motion to dismiss, rather than "in the form of a proper motion for reconsideration," is unfounded. In *Rains v. Gardner*, 731 So. 2d 1192, 1197 (¶17) (Miss. 1999), the supreme court held that "a moving party has a choice of making a M.R.C.P. 4(h) objection to process by filing a M.R.C.P. 12(b)(4) or (5) motion prior to filing a responsive pleading; by asserting other general affirmative defenses; or by filing them simultaneously therewith." Therefore, Wood was entitled to enforce her affirmative defense by filing a motion to dismiss when OneWest attempted to revive the case in 2022. *See, e.g.*, *Montgomery*, 910 So. 2d at 544

11

### III. Whether the chancery court erred in dismissing the judicial foreclosure action.

¶28. Citing the supreme court's holding in *Bloodgood v. Leatherwood*, 25 So. 3d 1047, 1053 (Miss. 2010), OneWest contends that the chancery court committed reversible error in dismissing the entire judicial foreclosure action. In *Bloodgood*, the trial court gave the plaintiff a 120-day extension to serve process on the defendant. *Id*. at 1048 (¶3).[9] After service of process was unsuccessful, the plaintiff attempted to serve the defendant through certified mail under Rule 4(c)(5). *Id*. When the attempts to deliver the summons failed, the postal service returned the mail to the plaintiff marked "Unclaimed/Refused." *Id*. The defendant later filed a motion to dismiss, but the trial court denied the motion, finding the defendant had been properly served. *Id*. at (¶¶4-5).

¶29. The supreme court determined that the trial court erred in finding service was properly executed upon the defendant because the "unclaimed/refused" designation "failed to comply with Rule 4(c)(5)." *Id*. at 1051 (¶17). Nevertheless, the supreme court found that "dismissal is not warranted at this juncture" and remanded to afford the plaintiff an "opportunity to apply for additional time to serve process and to demonstrate whether the circumstances in this case constitute good cause for failing to serve the defendant." *Id*. at 1051-52 (¶¶18, 21).

¶30. We find *Bloodgood* readily distinguishable from this case. Unlike the plaintiffs in

(Once defendants were served process after three extensions were granted, the defendants filed a motion to dismiss, challenging service of process—not a motion for reconsideration; the supreme court affirmed the dismissal of the case for improper service of process.).

[9] The plaintiffs had filed suit previously, which was dismissed without prejudice, and they filed this action months later. *Bloodgood*, 25 So. 3d at 1048 (¶2).

*Bloodgood*, OneWest did not (1) establish good cause for its delay in service of process on the Defendants, (2) move the case forward in a meaningful way for years, and (3) re-file the case before the statute of limitations expired.

¶31. We review a "trial court's dismissal of a lawsuit based on a question of law under a de novo standard of review." *Whatley v. Caskey*, 69 So. 3d 59, 60 (¶2) (Miss. Ct. App. 2011). Admittedly, Rule 4(h) of the Mississippi Rules of Civil Procedure states that a dismissal on the ground of failure to timely serve a named defendant "shall be dismissed as to that defendant *without* prejudice[.]" M.R.C.P. 4(h) (emphasis added). However, the supreme court has further held in cases involving dismissal under Rule 4(h) that "if the statute of limitations has run, then dismissal with prejudice is appropriate." *Copiah Cnty. School Dist. v. Buckner*, 61 So. 3d 162, 168 (¶22) (Miss. 2011). Recently, in *Unruh v. Johnson*, 404 So. 3d 1166, 1173 (¶35) (Miss. 2025), the supreme court determined that because the plaintiff failed to serve timely process on the defendant, the trial court had erred in denying the defendant's motion to dismiss, and the supreme court dismissed the plaintiff's negligence claim *with* prejudice, as the statute of limitations "has since expired." *See also Stutts v. Miller*, 37 So. 3d 1, 7 (¶17) (Miss. 2010) (affirming trial court's dismissal with prejudice, as the defendants were not timely served process and the statute of limitations had expired); *Montgomery*, 910 So. 2d at 548 (¶29) (affirming dismissal with prejudice because the plaintiffs "failed to demonstrate good cause for their failure to timely serve process" and "the statute of limitations has run as to all defendants"); *Sandlin*, 409 So. 3d at 1212 (¶51)

13

(affirming trial court's Rule 4(h) dismissal *with* prejudice).[10]  While there have been cases in which the supreme court and this Court have modified such Rule 4(h) dismissal orders to be without prejudice,[11] we determine that under these circumstances dismissal with prejudice is appropriate and in accordance with our authority.

¶32.    Alternatively, OneWest has asked this Court to reverse and reinstate the action as to the other three defendants.  However, as discussed, because the chancery court correctly determined that OneWest did not properly serve process on *any* of the defendants, and the statute of limitations has since expired, the action is unable to be revived.

¶33.    We find no error in the chancery court's dismissal with prejudice of OneWest's

---

[10] Neither party has expressly identified the applicable statute of limitations in the briefs; nor did the chancery court address that question in its order.  OneWest vaguely asserts that it filed its complaint "well within the statute of limitations for foreclosure actions," and Wood notes that "presumably it expired in November 2016 based on the allegation in OneWest's complaint that defendants were in default as of November 19, 2013." *See* Miss. Code Ann. § 15-1-49 (Rev. 2019).

In *Hubbard v. BancorpSouth Bank*, 135 So. 3d 882, 886-87 (¶17) (Miss. 2014), the supreme court recognized that the six-year statute of limitations set forth in Mississippi Code Annotated section 75-3-118(a) is applicable "to suits on unpaid promissory notes."  Section 75-3-118(a) provides:

> Except as provided in subsection (e), an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six (6) years after the due date or dates stated in the note or, if a due date is accelerated, within six (6) years after the accelerated due date.

Miss. Code Ann. § 75-3-118(a) (Rev. 2016).  Regardless, whether the limitations period is three years or six years after OneWest accelerated payment, it is undisputed by the parties that the statute of limitations has expired on this action.

[11] *See, e.g.*, *Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1186-87 (¶¶9, 15) (Miss. 2002); *Stringer v. Am. Bankers Ins. Co. of Fla.*, 822 So. 2d 1011, 1014-15 (¶11) (Miss. Ct. App. 2002).

complaint for judicial foreclosure.

## Conclusion

¶34.    Accordingly, finding no merit to OneWest's claims on appeal, we affirm the chancery court's judgment.

¶35.    **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**